[Civ. No. 4095. First Appellate District, Division One.—June 27, 1922.]

# W. L. NEWBY, Respondent, v. G. W. BACON, County Recorder, etc., Appellant.

[1] NOTARIES PUBLIC — APPROVAL OF BOND — SECTION 799, POLITICAL CODE—CONSTRUCTION OF.—The approval of a notary's bond by a single superior court judge of a county, in which there are other judges of the superior court, is sufficient to meet the requirement of section 799 of the Political Code that such "bond must be approved by the judge of the superior court of his county."

[2] SUPERIOR COURT—ACTS OF JUDGE—WHEN CONSTRUED AS ACTS OF COURT.—Under the constitution, wherever an act is to be performed by a judge of the superior court and such judge is present at the place designated for the transaction of judicial business, and there assumes to transact such business, his acts may be construed as the acts of the court of which he is a judge.

[3] WORDS AND PHRASES—"COURT" AND "JUDGE"—CONSTRUCTION—INTENT.—The words "court" and "judge" will be construed as synonymous whenever it is necessary to carry into effect the obvious intent of the legislature.

[4] ID.—PERFORMANCE OF ACT BY "COURT" OR "JUDGE"—DETERMINATION OF QUESTION—CONSTRUCTION.—Whether the term "court" is used as synonymously or interchangeably with "judge," and whether the act is to be performed by one or the other, is generally to be determined by the character of the act rather than by such designation.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Ezra W. Decoto, District Attorney, and Donald McClure, Deputy District Attorney, for Appellant.

W. L. Newby, *in pro. per.*, for Respondent.

TYLER, P. J.—This is an appeal from a judgment directing the issuance of a writ of mandate. The case is presented upon the judgment-roll alone. It appears from the petition for the writ that respondent Newby was, in September, 1921, appointed by Honorable William D.

Stephens, Governor of the state of California, to act as a notary public in and for the county of Alameda; that pursuant to such appointment and in accordance with the law he took his oath of office before the county clerk of Alameda County and executed his official bond, which was approved by the Honorable J. S. Koford, a judge of the superior court of said county. Thereafter, and subsequent to such approval, Newby tendered the bond to the county recorder, appellant herein, together with the requisite filing fee, and with the request that the same be recorded. This request was refused. Upon such refusal the petitioner instituted this proceeding and prayed that a writ of mandate issue commanding appellant to forthwith file and enter of record said bond, or appear and show cause why the same should not be filed. Appellant demurred to the petition. The matter came on for hearing and a peremptory writ issued directing appellant to forthwith file the bond for record. This appeal is from such judgment.

In support of the judgment it is contended that the recorder is a purely ministerial officer, and as such it is his duty to record every instrument presented to him for that purpose when accompanied by the proper filing fee. [1] Appellant, on the other hand, seeks to justify his refusal to comply with the order upon the ground that the statute contemplates that the bond should have been approved by the judicial power of the county, and that such requirement is not met with by the act of a single judge, there being more than one in Alameda County. We see no force in appellant's contention. Section 799 of the Political Code, as originally promulgated by the legislature in 1872, provided that: "Each notary must execute an official bond in the sum of five thousand dollars, which bond must be approved by the County Judge of his county."

At that time there was only one judge in each county, who was known as the county judge. Upon this condition being changed, the section was amended in 1880 by the interpolation of the words "judge of the Superior Court" in the place and stead of "County Judge" as it originally stood. Upon the amendment of the statute the legislature did not see fit to change the language to read "judges" as in the case of the approval of the bonds of county officers. (Sec. 4022, Pol. Code.)

[2] Under the present constitution, wherever an act is to be performed by a judge of the superior court, and such judge is present at the place designated for the transaction of judicial business, and there assumes to transact such business, his acts may be construed as the acts of the court of which he is a judge. (*Von Schmidt* v. *Widber,* 99 Cal. 511 [34 Pac. 109]; *Carter* v. *Lothian,* 133 Cal. 451 [65 Pac. 962].) [3] Then again, the legislature often uses the words "court" and "judge" without discrimination, and such words will be construed as synonymous whenever it is necessary to carry into effect the obvious intent of the legislature. (*Sartin* v. *Snell,* 87 Kan. 485 [Ann. Cas. 1913E, 384, 125 Pac. 47, 49]; *Commonwealth* v. *Mathues,* 210 Pa. St. 372 [59 Atl. 961].) [4] Whether the term "court" is used as synonymously or interchangeably with "judge," and whether the act is to be performed by one or the other, is generally to be determined by the character of the act rather than by such designation. (*Brewster* v. *Ludekins,* 19 Cal. 162; *Von Schmidt* v. *Widber, supra.*)

Here the manifest purpose of the approval of such bonds is that there shall be some means by which those interested may be assured that the bond tendered is sufficient in form and amount, and that it is so executed as to meet the test contemplated in the requirement, and this is accomplished by the act of a single judge as efficiently as if it were approved by all of the judges of the county.

Considering the conclusion we have reached, it is unnecessary to discuss the powers and duties of the officer in question. From what we have said it follows that the judgment should be, and it is hereby, affirmed.

Prewett, J., *pro tem.,* and Richards, J., concurred.