[Civ. No. 5900. Third Appellate District.—February 17, 1938.]

HARVEY H. KELLOGG, Respondent, v. HONCUTT GOLD MINES COMPANY, LTD. (a Corporation), Appellant.

J. J. Doyle for Appellant.

H. D. Gregory for Respondent.

THOMPSON, J.—The defendant has appealed from that portion of a judgment which was rendered against it allowing to the plaintiff his costs including an item of $324 as keeper's fees. The appeal is presented on a bill of exceptions.

Suit was commenced against the defendant. Under the provisions of section 537 of the Code of Civil Procedure the personal property of the defendant was attached to secure payment of the judgment. Upon proceedings duly had the sheriff placed a keeper in charge of the property pending the outcome of the litigation. The sheriff failed to demand of the plaintiff the deposit of money to pay the expenses of taking and keeping the property as provided by section 542, subdivision 5, of the Code of Civil Procedure. The keeper actually retained charge of the property for the period of 155 days. Judgment was rendered in favor of the plaintiff, including therein his costs of suit. In due time a memorandum of costs was filed which contained an item of $465 for keeper's fees. The defendant formally moved to retax the costs, claiming that the keeper had previously waived in writing his claim for fees for taking charge of the property. After the hearing of the motion to retax costs, at which oral evidence was adduced, the court made an order January 15, 1937, allowing the sheriff for keeper's fees the sum of $324. This was an order of court made "after final judgment" was entered.

Upon the hearing of the motion to retax costs both the sheriff and the keeper were sworn and examined. The evidence of neither of these witnesses which was adduced at that hearing appears in the bill of exceptions. This court has no means of ascertaining what their evidence consisted of. The bill of exceptions does contain a purported "Keeper's Receipt", signed by the keeper, Robert A. Kellogg, which contains the following language:

"The undersigned *agrees to accept* and receive in full satisfaction for his services *such sums as the Court* in which said action is pending *may allow,* and hereby releases the said Sheriff of Butte County from any and all personal liability for the value of such services, or the amount fixed by such court. . . . *To act as keeper without fees for service.*"

The foregoing receipt was not offered or received in evidence at the hearing of the motion. The bill of exceptions reads in that regard:

"Said document was commented upon and mentioned by counsel but was not offered nor received in evidence, nor filed herein, and the court did not consider the said document in determining the said motion."

There is therefore no evidence of the waiver of keeper's fees. Moreover, the receipt above quoted is ambiguous in its terms. For the purpose of this appeal, we must assume the oral evidence adduced at the hearing fully explains that receipt to reasonably mean that the keeper agreed to release the sheriff from personal liability for his fees beyond such sum as the court should allow for that purpose. Since the bill of exceptions contains no evidence adduced at the hearing of the motion to retax costs from which we may find that the order allowing keeper's fees in the sum of $324 was erroneously made, we are powerless to disturb that order.

Section 4300b of the Political Code authorizes the court to allow the sheriff "for keeping and caring for property under attachment or execution, such sum as the court may fix; provided, that no greater sum than five dollars per day shall be allowed to a keeper when necessarily employed".

In view of what has been previously said, upholding the validity of the order retaxing costs, it becomes unnecessary to so decide, but it appears that the transcript on appeal

is defective, for the reason that it does not contain the judgment from which this appeal was taken.

Moreover, the appeal ''from the judgment'' allowing costs, which was taken in this case, is ineffectual because it does not reach the challenged order retaxing costs which is a ''special order made after final judgment'' from which the appeal should have been taken as provided by section 963 of the Code of Civil Procedure. (*Monson* v. *Fischer*, 219 Cal. 290 [26 Pac. (2d) 6] ; *Hennessy* v. *Superior Court*, 194 Cal. 368, 372 [228 Pac. 862] ; 7 Cal. Jur. 298, sec. 38.) In the Hennessy case, *supra*, it is said:

''It is now settled that an order on a motion to retax a cost bill made after the rendition and entry of final judgment is appealable as a special order after final judgment.''

The judgment and the order are affirmed.

Plummer, J., and Pullen, P. J., concurred.