[Civ. No. 12689.   Second Appellate District, Division Two.—December 31, 1940.]

MIRIAM C. WALSH, Respondent, v. RAOUL A. WALSH, Appellant.

Roland Rich Woolley for Appellant.

Robert W. Kenny, Morris E. Cohn and Max Sisenwein for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages for breach of a property settlement agreement, defendant appeals.

The essential facts involved in the present appeal are set forth *in extenso* in an opinion filed by us this day in a companion appeal by the plaintiff in the above-entitled action (*ante,* p. 287 [108 Pac. (2d) 765]). In addition to the facts stated in the opinion just referred to, it is to be noted that the first agreement contained the following provision:

"XIII. In the event that the wife shall bring any action against the husband to enforce the provisions of this agreement or the payment of any claim hereunder, or to protect the rights of the wife herein secured, the wife shall be entitled to recover, and the husband shall pay, all costs and expense incurred by the wife in bringing such action, including reasonable attorney's fees."

The trial court gave judgment in favor of plaintiff for (a) $1,000 as attorney's fees, (b) interest from their due date on the payments found to be due October 11, 18, 25, 1939, and on Wednesday of the fifteen succeeding weeks, and (c) costs.

These are the questions here presented:

*First: When a contract provides for the payment of attorney's fees, if suit is instituted to enforce the provisions thereof, may the judgment rightfully award attorney's fees in such action, if plaintiff recovers only the amount defendant tendered prior to the institution of the action?*

*Second: Is a party entitled to recover interest and costs in an action on a contract when such party has refused to accept tender, prior to the institution of the suit of the amounts found by the court to be due?*

In view of our decision on the points raised by plaintiff in her appeal from the judgment rendered in the instant case (see companion opinion filed this day), it is established that defendant made a valid tender to plaintiff prior to the institution of the present action of the amounts for which the trial court gave her judgment. Therefore, there was no necessity for the institution of the present action. ■ The law is established that, if a contract provides for the allowance of attorney's fees and suit is instituted to enforce the provisions of the contract, such an allowance may properly be made only where it is necessary to institute the action in order to enforce an obligation or obligations under the contract (*Graham* v. *Light*, 4 Cal. App. 400, 403 [88 Pac. 373]; see, also, *McArthur* v. *John McArthur Co.*, 39 Cal. App. 704, 705 [179 Pac. 700]).

■ Applying this rule to the facts of the instant case, since defendant made a valid tender to plaintiff of the amount for which she recovered judgment in the present action, it was unnecessary for her to file the present action and the judgment should not have included an allowance to her for attorney's fees.

■ The second question must likewise be answered in the negative. In view of the fact that defendant prior to the institution of suit made a valid tender to plaintiff of the amounts due her, which amounts were immediately deposited to her credit in a bank in this state, neither interest nor costs could properly be collected upon the several payments due

plaintiff under the terms of the contract (sec. 1504, Civ. Code, and sec. 1025, Code Civ. Proc.).

For the foregoing reasons the judgment from which an appeal is taken is modified by striking therefrom the provisions relating to (a) attorney's fees, (b) interest, and (c) costs.

As thus modified the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing was denied on January 28, 1941, and respondent's petition for a hearing by the Supreme Court was denied on February 27, 1941.