[Civ. No. 32469. Second Dist., Div. Five. Mar. 26, 1969.]

HORACE HEIDT, Plaintiff and Appellant, v. MILLER HEATING AND AIR CONDITIONING CO., INC., Defendant and Respondent.

Thompson & Oppen and James J. Oppen for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

STEPHENS, J.—This is an appeal from that part of a severable judgment denying plaintiff attorney's fees in his successful action against defendant for damages arising out of a breach of contract.

As part of his complaint and in his prayer, plaintiff sought recovery of such fees on the basis of a provision in the contract sued upon that ''[s]hould legal action be necessary to enforce or interpret any phase of this contract the losing party therein shall pay to the pevailing party reasonable attorney's fees.'' The trial court denied recovery, presumably on the basis that an action for damages was not an action to enforce or interpret the contract. Since no extrinsic evidence directed toward interpretation and raising an issue of credibility was offered, we must make an independent determination of the meaning of the contract. (*Parsons* v. *Bristol Dev. Co.*, 62 Cal.2d 861, 866 [44 Cal.Rptr. 767, 402 P.2d 839].)

In the present case, plaintiff sought to recover dam-

ages pursuant to the terms of the contract, rather than independently of its terms. If the words "to enforce or interpret" the contract are broad enough to encompass the present action for damages arising from breach of contractual duty—and certainly the contract had to be "interpreted" to ascertain liability—then it seems clear that attorney's fees were envisioned when such interpretation became necessary. The basic lawsuit here is the plaintiff's means of enforcing its rights pursuant to the contract. ■ To enforce may mean to give effect to or to cause to have force. (See 30 C.J.S. 696 and *Meridian, Ltd.* v. *Sippy,* 54 Cal.App.2d 214, 220 [128 P.2d 884].) ■ A valid contract is one which can be enforced so as to give to the proponent thereof the property, or the money, or the profit, or other advantage for which he bargained.

■ There is no question but that if a contract provides for the allowance of attorney's fees and suit is instituted to enforce the provisions of the contract, such an allowance may properly be made.[1] (*Walsh* v. *Walsh,* 42 Cal.App.2d 293, 295 [108 P.2d 768].) (See also: Code Civ. Proc., § 1021; *Genis* v. *Krasne,* 47 Cal.2d 241, 246 [302 P.2d 289]; *Citizens Suburban Co.* v. *Rosemont Dev. Co.,* 244 Cal.App.2d 666, 683 [53 Cal. Rptr. 551]; *Arthur B. Siri, Inc.* v. *Bridges,* 189 Cal.App.2d 599, 603 [11 Cal.Rptr. 322].) Thus, in *Moss Constr. Co.* v. *Wullfsohn,* 116 Cal.App.2d 203, 204 [253 P.2d 483], a suit for monies due under a building contract, the court sustained an award of attorney's fees to plaintiff pursuant to a provision in the contract that "should either party hereto bring suit in court *to enforce the terms hereof,* any judgment awarded shall include court costs and reasonable attorney's fees to the successful party." (Italics added.) (See also *Ansco Constr. Co.* v. *Ocean View Estates,* 169 Cal.App.2d 235 [337 P.2d 146].) In *Downer Corp.* v. *Union Paving Co.,* 172 Cal.App.2d

---

[1]On June 6, 1968, section 1717 was added to the Civil Code. It provides: "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements. [ ¶ ] Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void. [ ¶ ] As used in this section 'prevailing party' means the party in whose favor final judgment is rendered."

126, 128 [342 P.2d 64], the court sustained an award of attorney's fees in an action confirming an arbitration award, where the agreement provided as follows: ''In the event either party finds it necessary to bring an action at law *to enforce its rights hereunder*, it is agreed that the Court shall award the successful party reasonable counsel fees.'' (Italics added.) Awards of attorney's fees have been sustained in suits on promissory notes. (See *Dankert* v. *Lamb Finance Co.*, 146 Cal.App.2d 499, 503 [304 P.2d 199], where the note provided for reasonable attorney's fees ''in the event of commencement of suit to enforce this note''; see also *Marsh Wall Products, Inc.* v. *Henry Marcus Building Specialties*, 162 Cal. App.2d 371, 380 [328 P.2d 259].) Thus, in *Prescott* v. *Grady*, 91 Cal. 518, 522 [27 P. 755], where a promissory note provided for payment of a reasonable attorney's fee if the note was collected by suit, it was held that the amount properly to be allowed for such fee was ''a special damage, expressly authorized by the contract to be recovered *in addition to general damages*.'' (Italics added.) Similarly, attorney's fees have been allowed in suits for damages brought pursuant to lease agreements. (See *Challenge-Cook Bros., Inc.* v. *Lantz*, 256 Cal.App.2d 536 [64 Cal.Rptr. 239], an action to recover accrued rentals and damages for withholding possession; *Erbe Corp.* v. *W & B Realty Co.*, 255 Cal.App.2d 773 [63 Cal.Rptr. 462], an action for unlawful detainer and treble damages; *Wiese* v. *Steinauer*, 201 Cal.App.2d 651 [20 Cal.Rptr. 295], an action to recover rent.)

In *Oakland Cal. Towel Co.* v. *Roland*, 93 Cal.App.2d 713, 718 [209 P.2d 854], although the particular contractual provision is not quoted, the court permitted plaintiff to recover attorney's fees in an action for damages for breach of contract, stating: ''In the present case the parties contracted for reasonable counsel fees . . . in enforcement of the terms of the agreement. That language does not appear to be ambiguous.'' We think the language used in the contract before us is likewise free from ambiguity and clearly contemplates the allowance of attorney's fees to the prevailing party.

 Our conclusion that this was a suit to enforce the contract is not affected by the fact that the damages sought and proved were for consequential damages to plaintiff's building, caused by defendant's poor workmanship in performing the contract. It may be that plaintiff would have been able to prove that his damages were tortiously caused, thus eliminating any

necessity for proving the existence of a contract. (Compare *Eads* v. *Marks,* 39 Cal.2d 807, 810-812 [249 P.2d 257] with *L. B. Laboratories, Inc.* v. *Mitchell,* 39 Cal.2d 56, 61-63 [244 P.2d 385].) It may also be that for purposes not involved in this action, plaintiff's suit might be characterized as ex delicto, rather than ex contractu. The true question is whether the contractual provision for attorney's fees should be interpreted to cover an action such as this, which from the filing of the complaint until the formulation of issues at pretrial and then all the way through the trial itself, was treated by all parties as being one for the enforcement and vindication of a right to damages arising out of the contract.

The judgment is reversed, with directions that the trial court determine the amount of reasonable attorney's fees as a part of plaintiff's damages,[2] amend the findings of fact and conclusions of law in accordance therewith, and enter the appropriate judgment in accordance with the findings and conclusions thus amended. (*Cirimele* v. *Shinazy,* 124 Cal.App. 2d 46, 53 [268 P.2d 210].)

Kaus, P. J., and Reppy, J., concurred.

On April 23, 1969, the opinion was modified to read as printed above.

---

[2]We have been asked to make a finding as to the value of the fees. There is insufficient evidence before us to warrant our applying Code of Civil Procedure section 956a, as was done in *Boller* v. *Signal Oil & Gas Co.,* 230 Cal.App.2d 648 [41 Cal.Rptr. 206]; hence the matter is remanded to the trial court, which is in a better position than we to measure and assess the value of such services.