[Civ. No. 16394. Fourth Dist., Div. One. Jan. 17, 1979.]

JOHN C. MABEE, Plaintiff and Respondent, v.
NURSERYLAND GARDEN CENTERS, INC.,
Defendant and Appellant.

## COUNSEL

Klitgaard & Jones, R. J. Klitgaard, Ellis J. Horvitz and Marc J. Poster for Defendant and Appellant.

Peterson, Gamer, Muns, Branton & Price and Peter P. Gamer for Plaintiff and Respondeht.

## OPINION

**STANIFORTH, J.**—Nurseryland Garden Centers, Inc. (Nurseryland) appeals from a postjudgment order awarding $21,988.75 attorney fees to John C. Mabee (Mabee).[1] The issues presented here surface in this factual-procedural matrix.

Mabee sued Nurseryland for breach of a written lease. The complaint pleaded inter alia an attorney fees clause contained in the lease

---

[1]Nurseryland's appeal from the original judgment was considered by this court in *Mabee* v. *Nurseryland Garden Centers, Inc.,* 84 Cal.App.3d 968 [149 Cal.Rptr. 105]. The judgment for Mabee was affirmed.

providing: "Should either party commence any legal action or proceeding against the other based on this Lease, the *prevailing party* shall be entitled to an award of attorney's fees as set by the *court, including costs of appeal, if any.*" (Italics added.) The prayer asked for "reasonable" attorney fees.

Upon jury trial Mabee presented no evidence of the reasonable attorney fees incurred in the action nor did he argue the issue to the jury or submit jury instructions on the matter. The attorney fee clause was in evidence as part of the lease agreement. The jury returned a verdict of $44,178 in favor of Mabee. After the jury was excused, Nurseryland's attorney stated he would file motions for new trial and for judgment notwithstanding the verdict. Mabee's attorney then informed the court: "There is also the matter of the attorney's fee clause in the Lease. I will notice my motion." The court then responded, "The verdict will be entered. Allright—Do you consider you both lost or both won?" Nurseryland's counsel, Mr. Klitgaard, responded: "I know I lost." Nurseryland did not object to the proposed postjudgment hearing on attorney fees.

On that same day (Apr. 30, 1976) the clerk entered the judgment on the verdict and notified counsel thereof in writing. A series of postjudgment motions followed. On May 7, 1976, Mabee filed his memorandum of costs. Nurseryland opposed the cost bill but after hearing the court entered its order taxing costs and fixing the amount of $2,552.16.

On May 17, 1976, Nurseryland filed its motion for judgment notwithstanding the verdict and one week later, its motion for new trial. Before these motions could be heard—and after several continuances—Nurseryland withdrew both motions (June 11, 1976) but not before it filed its notice of appeal (June 7, 1976) from the judgment entered on the jury verdict.

On June 28, 1976—after the notice of appeal was filed—Mabee by motion sought an order awarding reasonable attorney fees under the appropriate clause in the lease agreement. Nurseryland opposed the motion as untimely, beyond the court's jurisdiction and in derogation of Nurseryland's right to have the issue tried by the jury.[2] After hearing, the trial court awarded Mabee reasonable attorney fees for services performed "to and including June 21, 1976" in the sum of $21,988.75. The document was entitled "Judgment After Jury Trial."

---

[2]Nurseryland sought a writ of prohibition from this court seeking to stay the superior court proceedings (4 Civ. No. 16124.) This court denied the petition; Nurseryland's remedy by way of appeal (Code Civ. Proc., § 904.1, subd. (b)) was adequate.

Nurseryland appeals contending: (1) Mabee lost his claim to attorney fees when he failed to pursue that issue at trial, (2) Nurseryland urges the trial court lost jurisdiction to amend the judgment after entry of the judgment and filing of the notice of appeal, and (3) the trial court lacked the intent and authority and the grounds for awarding the attorney fees as cost.

In analyzing Nurseryland's contentions, our point of beginning is this hornbook rule: "[T]he extent of lessors' [Mabee's] right and lessee's [Nurseryland's] duty [with respect to a reasonable attorney fee] is measured by the terms of their agreement." (*Genis* v. *Krasne,* 47 Cal.2d 241, 248 [302 P.2d 289].)

The cases collected in *Heidt* v. *Miller Heating & Air Conditioning Co.,* 271 Cal.App.2d 135, 138 [74 Cal.Rptr. 695], *Robinson & Wilson, Inc.* v. *Stone,* 35 Cal.App.3d 396, 414 [110 Cal.Rptr. 675], and 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, section 119 et seq., pages 3270 et seq., demonstrate an almost infinite variety of attorneys' fee clauses. Each gives rise to separate and distinct rights and duties. ■ Therefore of necessity we must focus on this precise language of this attorney fee provision. Its plain explicit unambiguous language evidences this intent. It is the *court,* i.e. the *judge,* not the jury who determines the right to and amount of attorney fees.

A legion of cases without comment equate "court" with the "judge"[3] in interpreting attorney fee clauses. Black's Law Dictionary (4th ed. 1951) page 425 states that the word "court" and "judge" or judges are frequently used synonymously in statutes. (See also *Newby* v. *Bacon,* 58 Cal.App. 337, 339 [208 P. 1005].)

Further the words when viewed in context point unmistakably to a similar conclusion. The attorney fees are to "includ[e] costs of appeal, if any." Therefore, the clause here clearly contemplates not only attorneys' fees earned on trial, but also postjudgment lawyer fees including those fees incurred on appeal. The jury has long been discharged when the

[3]*Genis* v. *Krasne, supra,* 47 Cal.2d 241, 246; *Huber* v. *Shedoudy,* 180 Cal. 311, 313, 314 [181 P. 63]; *Stockton Theaters, Inc.* v. *Palermo,* 124 Cal.App.2d 353, 364, 365 [268 P.2d 799]; *Newby* v. *Bacon,* 58 Cal.App. 337, 339 [208 P. 1005]; *Rabinowitch* v. *Cal. Western Gas Co.,* 257 Cal.App.2d 150, 158-159 [65 Cal.Rptr. 1]; *Downer Corp.* v. *Union Paving Co.,* 172 Cal.App.2d 126, 129 [342 P.2d 64].

*court* would assess such fees. There can be no doubt but that it is the *judge,* i.e., the "court" that determines this issue. Moreover, the court's authority to determine and award attorney fees is to the "prevailing party" as an incident to that party's success. Winning the underlying cause of action on trial is the *sine qua non.* (See *Huber* v. *Shedoudy, supra,* 180 Cal. 311, 314.) This language presupposes the identification of the prevailing party. This can only be discovered at the close of the trial of underlying cause of action—not before. To require parties to a lawsuit to submit evidence on attorney fees and to argue that matter to the trier of fact *before* the "prevailing party" has been ascertained does not make procedural sense.

Nurseryland fails to distinguish between the allowance of attorney fees to the prevailing party as an incident to the principal cause of action and other distinct factual situations where attorney fees are in whole or in part of the cause of action. Witkin distinguishes between an award to the prevailing party against the losing party as an incident to judgment and six other distinct species of award of attorney fees. (4 Witkin Cal. Procedure (2d ed. 1971) Judgment, § 118, pp. 3269-3270.)

For example, where attorney fees are incurred in a prior action, or sought in a proceeding as damages—as for example in false imprisonment or malicious prosecution suits—or where recovery is sought in an action by an attorney against his client for an agreed or a reasonable fee, then the claim for attorney fees is part of the damage sought in the principal action. Only in such circumstance would the attorney fee be required to be pleaded and proven—as any other item of damages—at trial. No similar procedural and evidentiary base is required where "the attorney fee was not the cause of action but an incident to it." (*Huber* v. *Shedoudy, supra,* 180 Cal. 311, 314.)

Moreover, " '. . . The averment that the fee claimed was a reasonable amount is not necessary (*Carriere* v. *Minturn,* 5 Cal. 435); . . . As an averment was unnecessary, so also was a finding. The conclusion of law that defendant was entitled to recover attorneys' fees rested upon the provisions of the mortgage, and the court could determine what amount would be reasonable without hearing any testimony thereon. [Citations.]' " (*Ibid.*)

■ Attorney fees are not like the usual item of damages, for the court may allow a reasonable attorney fee in the judgment without hearing evidence or making a finding as to the amount of such fee. (*Genis* v. *Krasne, supra,* 47 Cal.2d 241, 246.) " 'The experienced trial judge is the best judge of the value of professional services rendered in his court,

. . .' " (*Serrano* v. *Priest,* 20 Cal.3d 25, 49 [141 Cal.Rptr. 315, 569 P.2d 1303].) "[T]he starting point of every fee award, . . . must be a calculation of the attorney's services in terms of the time he has expended on the case." (*City of Detroit* v. *Grinnell Corp.* (2d Cir. 1974) 495 F.2d 448, 470; cited with approval in *Serrano* v. *Priest, supra,* at p. 48, fn. 23.)

■ What is required is pleading and proof of the contract provision. Attorneys' fees cannot be allowed to the successful litigant "without pleadings and proof (admission) that there is a contract provision for them." (*Genis* v. *Krasne, supra,* 47 Cal.2d 241, 246.)

In *Citizens Suburban Co.* v. *Rosemont Dev. Co.,* 244 Cal.App.2d 666, 684 [53 Cal.Rptr. 551], the court reasoned that "[a]lthough the complaint did not in terms pray for litigation expenses, it sought specific performance of the . . . agreement and incorporated the agreement . . . by reference. The agreement was placed in evidence. Under these circumstances there was adequate pleading and proof of the contract provision under which the award was made." Thus, as was said in *Genis* v. *Krasne, supra,* 47 Cal.2d 241, 246-247, the "lessors, in the prior action, properly set up their claim for attorneys' fees before it could be known whether there would occur an essential fact (lessors' prevailing in the prior action) which would give rise to a duty of lessee to pay attorneys' fees."

■ A recent California Supreme Court decision defined "prevailing party" in these terms: " 'As used in this section [Civ. Code, § 1717] "prevailing party" means the party in whose favor *final* judgment is rendered.' (Italics added.)" (*International Industries Inc.* v. *Olen,* 21 Cal.3d 218, 222 [145 Cal.Rptr. 691, 577 P.2d 1031].)

These authorities make untenable Nurseryland's contention it was entitled to a jury trial on the issue of attorney fees. Its position is bereft of support either in case authority or statute.

Nor do Nurseryland's contentions appeal to reason. One glancing look illustrates the incongruous situation that would develop by a requirement of a jury—midstream in the process of determining liability of the respective parties—to hear from both sides proof and argument as to the nature, extent and value of the attorney services rendered and yet to be rendered. Equally untenable would be a rule directing a trial court in a nonjury trial to assess attorney fees for the prevailing party before ascertaining who will occupy that honored status. Such tendered procedure is impractical, unreasonable, incapable of application.

Nurseryland correctly contends the trial court lacked authority to award attorney fees as costs; "[u]nless authorized by statute or agreement attorney fees ordinarily are not recoverable as costs." (*International Industries Inc.* v. *Olen, supra,* 21 Cal.3d 218, 221.) ■ "Where the right to attorney's fees, as in this case, is based upon contract and not upon statute, recovery, if at all, must be had upon that contract, and such fees cannot be taxed as costs. (Code Civ. Proc., sec. 1021.)" (*City Investment Co.* v. *Pringle,* 49 Cal.App. 353, 355 [193 P. 504]; *Genis* v. *Krasne, supra,* 47 Cal.2d 241, 246.)

Mabee never sought to recover his attorney fees as costs. His claim rests upon *contract* not statute and his contract does not require the attorney fees be taxed as costs. (See *Genis* v. *Krasne, supra,* 47 Cal.2d 241, 247.)

■ Nor does Civil Code section 1717 convert every contractual entitlement of a prevailing party to attorney fees into a statutory right recoverable only as part of costs.[4]

Nurseryland next contends the trial court lost jurisdiction to reopen the judgment for the purpose of adding attorneys' fees (1) after the entry of judgment, and (2) after Nurseryland's notice of appeal was filed. These contentions must be considered separately.

---

[4]An interesting intramural contention—not advanced by Nurseryland—asserts Mabee's attorneys' fees are recoverable by statute and therefore only as part of the cost bill. The reasoning is as follows:

"Section 1717 [Civ. Code] provides: 'In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements. [¶] Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void. [¶] As used in this section "prevailing party" means the party in whose favor *final* judgment is *rendered.*' (Italics added.)" (*International Industries, Inc.* v. *Olen, supra,* 21 Cal.3d 218, 222.) and the contention continues: Section 1717 *changes* Mabee's *contract* rights into *statutory* rights to attorneys' fees recoverable only as part of the cost bill; therefore Mabee lost his right to attorneys' fees by failure to claim them in his cost bill. This logic is faulty. In the first place section 1717 applies to a species of attorney fee contract where "*one of the parties*" is entitled to an award. Such is not the case here. Either party—whoever prevails—wins the entitlement. This conclusion is supported by the decision of *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.,* 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782], declaring: "The sole purpose of section 1717 is to transform a unilateral contract right to attorney's fees 'into a reciprocal provision giving the right to recover fees to whichever party prevails [in the contract action].' [Citations.]" In *International Industries Inc.* v. *Olen, supra,* 21 Cal.3d 218, 223, the court held: "Section 1717 is obviously intended to create a reciprocal right to attorney fees when the contract provides the right to one party but not to the other."

Until·the jury determined who was the "prevailing party" the court was unable to assess and award attorneys' fees. Mabee had pleaded the attorneys' fee clause and prayed for reasonable attorneys' fees. Proof of the contractual entitlement to attorney fees—the lease clause—was placed in evidence. When the jury verdict was announced, the "prevailing party"—Mabee—was identified. Only then could Mabee's counsel make the appropriate motion for award of fees. However, immediately after the verdict was announced, counsel for Nurseryland stated his intention to move for judgment notwithstanding the verdict and new trial. Only thereafter did Mabee's counsel state his intention to move for attorney fees. This proposed procedure was without objection from Nurseryland. Only *after* this apparent concurrence did the clerk enter the judgment and notify the parties in writing.

Nurseryland submits no authority holding the attorney fee order must be made before entry of judgment; that by failure to act in such speedy—nay—premature—fashion the court lost jurisdiction to reopen a judgment once entered. If such practice were followed, it would stay entry of judgment—with all of the rights, obligations attending thereon pending determination of a subsidiary matter. This is not the law.

The stage in the litigation when the court hears the motion for and assesses attorney fees against the losing party varies with the contract terms and the factual context of each case.

For example, in *Gonzales* v. *Internat. Assn. of Machinists,* 213 Cal.App.2d 817, 818 [29 Cal.Rptr. 190], the evidence on the issue of attorneys' fees was introduced during the hearing on the lessor's motion for attorneys' fees after the court had expressly reserved judgment upon this specific issue of attorneys' fees. In *Rabinowitch* v. *Cal. Western Gas Co., supra,* 257 Cal.App.2d 150, the trial court's memorandum decision had expressly reserved jurisdiction over the matter affixing the amount of reasonable attorney fees.

In *Oakland Cal. Towel Co.* v. *Roland,* 93 Cal.App.2d 713 [209 P.2d 854], the court said at page 719: "It was further stated in the Painter [*Painter* v. *Estate of Painter,* 78 Cal. 625 (21 P. 433)] case, at page 627: 'This authority given the court could only be exercised when the fee, now in dispute, was to be allowed by an order made after final judgment, and the allowance is necessarily an incident to such judgment when given against the claimant as plaintiff in the action.' In accordance with the above, the trial court, if it be so inclined, may allow a *reasonable* fee for services on appeal."

To the same effect see *Adams* v. *California Mut. B. & L. Assn.,* 18 Cal.2d 487 [116 P.2d 75]. And in *Citizens Suburban Company* v. *Rosemont Development Co., supra,* 244 Cal.App.2d 666, 684, the contractual provision authorizing attorney fees was adequately pleaded and proven. However, the issue of attorney fees and expenses was not included in the joint pretrial conference statement or the pretrial order. (There was no assertion of a deliberate omission.) After the principal issues in the case were tried and a decision in plaintiff's favor announced, entitlement to cost and expenses, including attorney fees, was declared in the trial court's conclusions of law. Thereafter, a hearing was held upon adequate notice and evidence relative to the award was taken.

In *San Luis Obispo Bay Properties, Inc.* v. *Pacific Gas & Elec. Co.,* 28 Cal.App.3d 556, 573 [104 Cal.Rptr. 733], the court held the prevailing party on appeal was entitled to reasonable attorney fees for services rendered on the appeal and "the matter may now properly be remanded for the addition of this amount." (See also *Coast Bank* v. *Holmes,* 19 Cal.App.3d 581, 597 [97 Cal.Rptr. 30].) *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc., supra,* 33 Cal.App.3d 116, 120, [108 Cal.Rptr. 782] held: "Since such issue required a judicial determination [of the attorney fee claim] any order made with respect thereto is appealable as a final determination on a collateral matter severable from the general subject of the litigation." (See also *Serrano* v. *Priest, supra,* 20 Cal.3d 25, 50 [141 Cal.Rptr. 315, 569 P.2d 1303].)

Based upon the foregoing authorities, we conclude there is no requirement in law, reason, or the contract of these parties requiring the award of attorneys' fees be made before entry of judgment or be lost. In fact, Nurseryland's motions questioned the status of the "prevailing party." They compelled further postjudgment proceedings including the postjudgment hearing on attorney fees. Until Nurseryland's motions were resolved—favorable to Mabee—no attorney fees hearing was appropriate.

Where, as here, the award of attorney fees is made in a postjudgment hearing, the appropriate proceedings include: (1) amendment of the judgment to include the fee award (*Kirk* v. *Culley,* 202 Cal. 501, 510 [261 P. 994]), (2) an amendment to the finding of fact and conclusion of law and entering appropriate judgment in accord with the findings and conclusions thus amended (*Cirimele* v. *Shinazy,* 124 Cal.App.2d 46, 53 [268 P.2d 210]; *Heidt* v. *Miller Heating & Air Conditioning Co., supra,* 271 Cal.App.2d 135, 139) or (3) by order on a

collateral matter made after judgment (Code Civ. Proc., § 904.1, subd. (b); *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc., supra,* 33 Cal.App.3d 116, 120; *Wisniewski* v. *Clary,* 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176]; *Oakland Cal. Towel Co.* v. *Roland, supra,* 93 Cal.App.2d 713, 719; *Painter* v. *Estate of Painter,* 78 Cal. 625, 627 [21 P. 433]; *Bauguess* v. *Paine,* 22 Cal.3d 626, 634, fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942].) We conclude the entry of judgment upon the jury verdict offers no procedural bar to a postjudgment award of attorney fees.

■ We turn to Nurseryland's ultimate contention—the trial court could not enter an order for attorney fees when an intervening notice of appeal had been filed. The effect of the motion for judgment notwithstanding the verdict and motion for new trial was to hold in abeyance the determination of the "prevailing party."

Similarly, the notice of appeal placed a question mark on the status of Mabee as the prevailing party. Only when this court's judgment became final could it be stated that Mabee was the "prevailing party"; therefore, entitled to attorney fees. (*International Industries, Inc.* v. *Olen, supra,* 21 Cal.3d 218, 222; *Oakland Cal. Towel Co.* v. *Roland, supra,* 93 Cal.App.2d 713, 719.)

The matter is remanded with directions to the trial court to make and enter its appropriate order for attorney fees encompassing services performed by Mabee's counsel at trial, in posttrial proceedings and on appeal; as so modified, the judgment is affirmed.

Wiener, J., concurred.

**COLOGNE, Acting P. J.**—I must respectfully dissent from the opinion expressed by the majority primarily because it suggests a procedure I perceive to be a departure from the orderly and, so far as possible, expeditious trial of issues and administration of justice. It is my firm belief that where a complaint alleges attorney's fees are part of the damages suffered in a breach of contract action, as here, they should be pleaded and proved before entry of judgment as an item of damages reserving, of course, proof of attorney's fees incurred after judgment. As noted, however, attorney's fees claimed under a statute can be claimed and proved up in the manner provided for as an item of costs.

This matter comes to us on a very unusual record when the trial court entered a *new* "Judgment After Jury Trial" adding $21,988.75 attorney's

fees as an additional item of "damages." This was done after the judgment had been entered and the notice of appeal had been filed on it. The appeal on the original judgment was considered and affirmed by us in *Mabee* v. *Nurseryland Garden Center, Inc.,* 84 Cal.App.3d 968 [149 Cal.Rptr. 105]. This is an appeal from the revised judgment which only added attorney's fees.

John C. Mabee (Mabee) sued Nurseryland Garden Centers, Inc. (Nurseryland) for breach of an agreement to lease real property. The amended complaint for damages against Nurseryland alleged the lease agreement which provided "should either party commence any legal action or proceeding against the other on the lease, the prevailing party shall be entitled to an award of attorney's fees as set by the court, including costs of appeal, if any." It alleged there were legal expenses and costs incurred, they would be proven at time of trial, and included a prayer for attorney's fees.

At the trial, Mabee presented no evidence of the reasonable attorney's fees incurred in the action, nor did he argue it was appropriate for the jury to award any fees though instructions on damages were given as follows:

"The measure of damages is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby or which, in the ordinary course of things, would be likely to result therefrom.

"A proximate cause of damages—we use that phrase, proximate cause—a proximate cause of damages is a cause which, in natural and continuance [*sic*] sequence, produces the damages, and without which the damages would not have occurred."

The jury returned a general verdict in favor of Mabee for $44,178. The jury was excused and Nurseryland's attorney stated he would file motions for a new trial and a judgment notwithstanding the verdict.[1] Mabee's attorney then informed the court there was also the matter of attorney's fees to be considered and he would notice a motion. Judgment on the verdict in open court was entered that day, April 30, 1976.

---

[1] The motions for new trial and judgment NOV were filed but later withdrawn by Nurseryland.

On May 7, 1976, Mabee filed his memorandum of costs which contained no claim for attorney's fees. On June 7, 1976, Nurseryland filed its notice of appeal. The cost bill was opposed in certain respects and on June 24, 1976, after a hearing, the court entered its order taxing costs and fixing the amount at $2,552.16.

On June 28, 1976, Mabee gave notice of a motion for an order awarding reasonable attorney's fees under the above-quoted clause in the lease agreement. The motion was opposed[2] as untimely, beyond the court's jurisdiction and in derogation of Nurseryland's right to have the issues tried by the jury.

Mabee consistently argued attorney's fees should be included as an element of damages to be determined by the trial judge, not the jury, according to the terms of the lease agreement. He offered the jury no evidence relative to attorney's fees nor did he argue that point to it. As noted above, immediately following the trial, after the jury was excused, he told the judge he would be making his motion for reasonable attorney's fees shortly.

On October 20, 1976, the court sent a letter announcing its decision and notified the parties in this manner:

"The Court agrees with [Mabee's] premise that attorney fees are an element of damages that should be included in the judgment and it is so ordered. What constitutes reasonable fees was not the dispute. The accounting filed by Mr. Gamer [Mabee's attorney] is accepted by the Court as the proper measure of reasonable fees that would be due under the provisions of the lease contract.

"Judgment will be drawn accordingly."

On November 2, 1976, the trial court signed a new "Judgment After Jury Trial" which reads as follows:

"Pursuant to jury verdicts,

---

[2]Nurseryland sought relief by way of writ of prohibition filed July 7, 1976, seeking to prohibit the superior court from proceeding with this hearing. The Court of Appeal denied the writ leaving Nurseryland to make its argument to the superior court, there being available to it adequate remedy by way of appeal.

"IT IS ORDERED that plaintiff JOHN C. MABEE have Judgment against defendant NURSERYLAND GARDEN CENTERS, INC., in the sum of $44,178 plus interest at the rate of 7% per annum from April 30, 1976.

"IT IS FURTHER ORDERED that plaintiff JOHN C. MABEE be entitled to reasonable attorneys' fees from defendant NURSERYLAND GARDEN CENTERS, INC., for services performed up to and including June 21, 1976, in the sum of $21,988.75 plus interest at the rate of 7% per annum from April 30, 1976.

"IT IS FURTHER ORDERED that plaintiff JOHN C. MABEE shall recover his costs in the sum of $2,552.16."

On December 27, 1976, Nurseryland filed its appeal from that portion of the judgment entered November 2, 1976, which awarded attorney's fees.

An agreement for the payment of attorney's fees to the prevailing party is generally enforceable as an item of special damages (*Wiener* v. *Van Winkle,* 273 Cal.App.2d 774, 784 [78 Cal.Rptr. 761]). Such fees have historically been recoverable by virtue of a contract and require pleading and proof there is a provision for them (*Genis* v. *Krasne,* 47 Cal.2d 241, 246 [302 P.2d 289]).

Attorney's fees, unlike other items of damage, may be made by the court (*Genis* v. *Krasne, supra,* 47 Cal.2d 241, 246) or by a jury (*Mitchell* v. *Towne,* 31 Cal.App.2d 259, 266 [87 P.2d 908]) without hearing evidence or making a finding as to the amount. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 119, p. 3270; 18 A.L.R.3d 733.) It is not uncommon for a jury to determine who is the prevailing party and then fix attorney's fees as it would find liability in a negligence case and then fix damages. It is not essential the judgment be final before fees for prosecution of the case to judgment are ascertained. Here the verdict determined the prevailing party and the court could rely on that for the propriety of fixing attorney's fees as an additional item of damages.

The record discloses an ambiguity in the provision of the lease contract which allows attorney's fees to the prevailing party in the amount "set by the court." Mabee argues this means the attorney's fees should be determined by the "judge," as opposed to the "jury," because the word "court" is synonymous with "judge." On this basis Mabee did not present evidence of reasonable attorney's fees or request damages from the jury

on that issue; instead, he elected to pursue the claim before the judge at a later date. It is within the province of the trial judge to interpret the meaning of the contract and we cannot say it was an abuse of discretion for the court to accept Mabee's position that this item of damages would be fixed by the trial judge, not the jury.

Assuming it was the understanding of everyone the issue of attorney's fees would be determined by the judge alone, this was in the nature of a bifurcated trial, but judgment should be entered after *all* damages were fixed. This was not done. Mabee allowed judgment to be entered, and received notice of entry of the judgment; he filed his cost bill which properly follows entry of judgment; notice of appeal was filed; he received appellant's brief, and filed his own briefs. All of this transpired without bringing to anyone's attention the judgment had been erroneously entered if indeed it was. An important aspect of any appeal is that the appellate court have before it the one final judgment (see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 36, p. 4050 et seq.). If the trial had not been completed, the judgment was not properly entered and Mabee had a duty to correct the record when he had notice of the entry of judgment. He had adequate time to move to set aside or vacate the judgment. If he truly believed the trial had not been completed, the matter should not have been allowed to enter the appellate process or at least the issue should have been raised by him on appeal. The record discloses he made no effort to bring this matter to the court's attention but rather elected to stand by the judgment as entered. I believe Mabee waived any right to go forward with evidence of additional damages. In any event, the trial court has no power to amend, correct, vacate, or set aside its judgment once the notice of appeal has been given (*Takahashi* v. *Fish and Game Com.,* 30 Cal.2d 719, 725 [185 P.2d 805]). When the notice of appeal was filed on June 7, 1976, the trial court lost jurisdiction to consider damages any further.

This, however, does not preclude the pursuit of a claim for the attorney's fees as if they were statutory "costs" after entry of judgment (*System Inv. Corp.* v. *Union Bank,* 21 Cal.App.3d 137, 162 [98 Cal.Rptr. 735]). The trial court's jurisdiction to add costs, a matter only incidental to the judgment, continues (Code Civ. Proc. § 904.1, subd. (b); *Kellogg* v. *Honcutt Gold M. Co., Ltd.,* 25 Cal.App.2d 109, 112 [76 P.2d 551]).

Civil Code section 1717 provides statutory authority for award of attorney's fees as costs:

"In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

"Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract which is entered into after the effective date of this section. Any provision in any such contract which provides for a waiver of attorney's fees is void.

"As used in this section 'prevailing party' means the party in whose favor final judgment is rendered."

In *Beneficial Standard Properties, Inc.* v. *Scharps,* 67 Cal.App.3d 227 [136 Cal.Rptr. 549], Beneficial leased certain property from the County of Los Angeles and subleased to Scharps. The sublease provided that should either party bring or commence legal proceedings to enforce any of the terms of the lease, the successful party shall be entitled to receive reasonable attorney's fees and costs as fixed by the court. Scharps defaulted and Beneficial brought an action referring to the particular provision in the lease. Beneficial moved for summary judgment and the motion was granted. After entry of judgment, Beneficial filed a memorandum of costs which included as an item of costs an amount for attorney's fees. The trial court denied them saying they are recoverable only as special damages. On appeal the order denying attorney's fees was reversed. Referring to *T.E.D. Bearing Co.* v. *Walter E. Heller & Co.,* 38 Cal.App.3d 59 [112 Cal.Rptr. 910], the court said in *Beneficial Standard Properties, Inc.* v. *Scharps, supra,* 67 Cal.App.3d 227, at pages 230 to 232:

"It explained that the primary purpose of this section is to transfer a unilateral contractual contract right to attorneys' fees into a reciprocal provision, giving the right to recover to either party. It then explained that the contracts before it provided that attorneys' fees and costs would be awarded to only one of each of the contracting parties; therefore, the contracts in said case brought section 1717 into play. This conclusion was followed, starting at p. 63, by this statement: 'The legal situation before us is, perhaps, unique in the sense that Civil Code section 1717 has been used in the past to benefit the prevailing party in cases where the prevailing party was not also the party to be benefited by the unilateral contractual provisions granting attorneys' fees. That is, the cases we have

found have generally dealt with the granting of attorneys' fees to the prevailing party, under Civil Code section 1717, where the contract had granted attorneys' fees solely to *the other* contracting party who lost the law suit. But the language of Civil Code section 1717 is not so limited as this. The statute says that attorneys' fees shall be awarded to "the prevailing party, whether he is the party specified in the contract or not." The language of Civil Code section 1717 does not say that attorney fees will be awarded to the party not benefited by the provision granting attorneys' fees if that party prevails. *The language is broader than that, and it awards attorneys' fees to "the prevailing party" whether he is the one specified in the contract or whether he was the one to be disadvantaged by the contract.'* (Italics added.)

"  .   .   .   .   .   .   .   .   .   .   .  ·.   .   .   .   .   .   .   .

". . . it does for the first time, at least to our knowledge, recognize that the language of the section is broader in scope than has usually been attributed to it. While the primary purpose might have been to transfer a unilateral contractual right to attorneys' fees into a reciprocal right to a non-named party, the language of the section is not limited to this purpose alone. The pertinent words are: '. . . the prevailing party, *whether he is the party specified in the contract or not,* shall be entitled to reasonable attorney's fees . . .' (Italics added.) As *T. E. D. Bearing* said at page 63: '. . . section 1717 does not say that attorney fees will be awarded *to the party not benefited* by the provision granting attorneys' fees if that party prevails. The language is broader than that, and it awards attorneys' fees to "the prevailing party".' (Italics added.)

". . . Each party to the lease is included in this language and therefore is a specified party and the only requirement remaining to bring section 1717 into operation is that one of them becomes the prevailing party in an action concerning the lease. The end result is therefore the same as in *T. E. D. Bearing* in that Beneficial had rights to attorneys' fees by contract and also by statute, and therefore an option as to the procedure to follow. The trial court could have properly granted attorneys' fees as 'costs' to Beneficial as the 'prevailing' party 'in whose favor final judgment is rendered.' "

The facts of our case are not unlike those in *Beneficial, supra.* Mabee had an option at the beginning of the trial and could have sought attorney's fees as damages or as costs authorized by statute under Civil Code section 1717. I would ignore the theory upon which the court allowed this award if the action of the court could be sustained as an item of costs, but Mabee faces some special procedural problems here.

Code of Civil Procedure section 1033 requires the filing of a motion for costs within 10 days of entry of judgment. The failure to file a cost bill extinguishes the remedy to recover costs (*Coast Electric Service, Inc.* v. *Jensen,* 111 Cal.App. 124, 126 [295 P. 346]; see also *Wilson* v. *Hinkle,* 67 Cal.App.3d 506, 512-513 [136 Cal.Rptr. 731]). The California courts have not been liberal in the application of the 10-day time restriction. It is significant here that a cost bill was timely filed but did not include attorney's fees. I am unable to find an arguable basis for allowing a second such cost bill to be filed beyond the statutory time. If the statute authorizes the treatment of such fees as a recoverable "cost" (*Beneficial, supra*), they should be requested in the manner provided by law (Code Civ. Proc., § 1033). In the absence of a showing of mistake, inadvertence, surprise or excusable neglect it was improper to award costs pursuant to a motion filed almost 60 days after judgment. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 110, p. 3263.) No such showing has been made though presumably it could still be made (Code Civ. Proc., § 473).

To allow a plaintiff to continue his proof of damages any time even after judgment has been entered is to put all the parties in a state of quandary as to what is due and when the case finally terminates. While attorney's fees after judgment present a matter different from ordinary damages, for obvious practical reasons a judgment should contain all damages incurred up to the time of its entry excepting only those items of "costs" which are requested immediately (within 10 days) after entry of the judgment. It goes against the orderly determination of a cause to suggest damages may be proved in bits and pieces from time to time after judgment. The rule I suggest comports with the reasons for the one judgment rule and would obviate a second appeal on the issue of the reasonableness of damages. Its value to the appellate process is self-evident.

The order allowing attorney's fees should be reversed. The judgment after jury trial dated November 2, 1976, should be vacated.