Opinion
ROUSE, J.
The issue decided in this appeal is whether the Rees-Levering Act, actually, the Rees-Levering Automobile Sales Finance Act, hereinafter referred to as the Rees-Levering Act (Civ. Code, § 2983.2, subd. (a)), applies to the sale of the motor home involved in this case.
We also decide whether respondents’ failure to include attorney fees on their cost bill precludes recovery of such fees. We affirm the judgment. Our reasons follow.
Facts
In June of 1977, the respondents Lytle were interested in purchasing a motor home. To this end they proceeded to Tri-county Checker Sales. Mr. *Supp. 19 Gimble, a salesman at Tri-county Checker Sales, filled out a credit application for respondents. Gimble sent the credit application to American Security Bank (ASB).[1]
About four weeks later Gimble informed respondents that their (direct) loan had been approved. Respondents met Gimble at the bank; the transaction at the bank did not take long, since the paperwork had already been prepared. The facts clearly establish the extent of respondents’ contact with the lender as a one-time visit to sign documents only. All other contact with the bank in this transaction resulted from efforts of Gimble.
Respondents got the motor home. In 1979 they returned it to the manufacturer for warranty repair work. Ultimately respondents defaulted. The bank repossessed the motor home on January 15, 1981, while the motor home was still at the manufacturers. (It appears that the warranty work was still uncompleted.)
The bank sold the motor home and sues herein for the deficiency. The bank, at trial, stipulated that the notices respecting repossession and sale of the motor home which were sent to respondents did not comply with the Rees-Levering Act.
The lower court held the loan respondents obtained was seller assisted; hence, the loan came within the Rees-Levering Act. Because appellant’s notice of sale did not comply with the requirements of the Rees-Levering Act, appellant was not entitled to a deficiency. The lower court awarded respondents $1,250 in attorney fees.[2]
Discussion

Rees-Levering Act

Two sections of the Rees-Levering Act are involved. Civil Code section 2983.2 requires that 15 days’ written notice be given to a person whose vehicle was repossessed that his vehicle will be sold.[3]
*Supp. 20 Appellant claims to be exempt under Civil Code section 2982.5 subdivision (a) which provides that “Nothing contained in this chapter shall be deemed to affect a loan, or the security therefor, between a purchaser of a motor vehicle and a supervised financial organization, other than the seller of the motor vehicle, all or a portion of which loan is used in connection with the purchase of a motor vehicle. As used herein ‘supervised financial organization’ means a person organized, chartered, or holding a license or authorization certificate under a law of this state or the United States to make loans and subject to supervision by an official or agency of this state or the United States.” Hernandez v. Atlantic Finance Co. (1980) 105 Cal.App.3d 65 [164 Cal.Rptr. 279] resolved a similar issue. In that case, a salesman for Espinosa Auto Sales filled in a credit application for plaintiff’s mother. Mario, the salesman, called the next day stating that the “credit had gone through. ” Mario picked plaintiff and her mother up at their home, transported them to the dealer’s place of business to sign documents, then took them to the finance company (Atlantic Finance [AF]) for more document signing.
The evidence established that Espinosa would contact AF at various times to determine whether AF would extend credit to Espinosa’s prospective purchasers. AF could agree to purchase a conditional sales contract or offer a direct loan to the purchaser. Often the finance charges claimed by AF exceeded the amount allowed by the Rees-Levering Act. However, AF would take more security than allowed in the Rees-Levering Act.
The Hernandez court phrased the issue decided there in this manner: “. . .we are called upon to decide whether the conduct of a used car dealership and a finance company arranging for financing for the purchase of automobiles violates the Rees-Levering Automobile Sales Finance Act.” (105 Cal.App.3d at p. 68.)
Appellant focuses on the relationship and acts of Espinosa and AF. Appellant says that absent an actual relationship and scheme to avoid the protection provided by the Rees-Levering Act, which the court found in Hernandez, between the seller and the lender, there is no “seller assisted loan” and thus they are exempted from the Rees-Levering Act. Appellant’s narrow interpretation of the holding in Hernandez is an overly technical reading of the statutes and would lead to a result which devours the very purpose of the Rees-Levering Act. Civil Code section 3528 makes clear that the substance of the transaction is the focus and not the form. There can be no question that the facts before us in this case clearly establish a “seller assisted loan.” Respondents rely on the direct and forceful holding of Hernandez: “To conclude that the exemption in subdivision (a) is designed to exclude from the coverage of the Act only independent private negotiations *Supp. 21 between a buyer and his lender, without involvement of the seller, is consistent with the legislative purpose and policy . . . .” (Hernandez, 105 Cal.App.3d at p. 77.) (Hernandez, supra, at p. 70 stated the issue and its holding. Respondents argue that this section was designed to exempt only private financing obtained independently by a motor vehicle purchase, that it was not designed to exempt seller-assisted loans. We agree with respondents. To adopt appellant’s position would be to accept a construction of the exemption which devours the act.)
We believe that respondents in this case have correctly construed Hernandez. Simply put, Hernandez is authority for the proposition that, when a dealer assists a purchaser of a vehicle by preparing the loan paperwork and taking it to a lending institution, that constitutes a seller-assisted loan and the Rees-Levering Act applies.

Attorney Fees

Appellant contends that respondents sought attorney fees under Civil Code section 1717.[4] The trial court awarded respondents $1,250 in attorney fees based on that request. Appellant next says that a party who is entitled to attorney fees under Civil Code section 1717 must elect to recover those fees as damages or to include them as an item in the cost bill. (Clark Equipment Co. v. Mastelotto, Inc. (1978) 87 Cal.App.3d 88, 89 [150 Cal.Rptr. 797].) Another case (Moulin Electric Corp. v. Roach (1981) 120 Cal.App.3d 1067 [175 Cal.Rptr. 111]) holds that attorney fees awarded under Civil Code section 1717 are awarded only as costs.
Appellant claims that respondents did not plead proof of attorney fees as an item of damages.
Nor did respondents include attorney fees in their cost bill. Therefore, the attorney fees awarded, appellant contends, are improper.
Respondents, on the other hand, say that the attorney fees were properly awarded because of the attorney fees provision set forth in the promissory note executed by respondents. (Mabee v. Nurseryland Garden Center, Inc. (1979) 88 Cal.App.3d 420, 427 [152 Cal.Rptr. 31].)
*Supp. 22 Appellant further says that respondents did not ask for affirmative relief by cross-complaint and cannot obtain such relief from their answer. (Code Civ. Proc., § 430.20.) Thus, without a pleading, there is no issue of respondents’ contract rights to attorney fees.
Here, respondents’ answer prayed for attorney fees. Appellant made no motion to strike that request or otherwise object to it. We, therefore, believe that the issue of respondents’ attorney fees was properly before the trial court which properly awarded attorney fees to respondents. (Mabee, supra, 88 Cal.App.3d 420.)
Disposition
For reasons heretofore stated, we affirm the judgment.
Ziebarth, P. J., and Turner, J., concurred.

Appellant Eldorado Bank has purchased the assets and assumed the liabilities of ASB.

Respondents did not include those fees in their memorandum of costs.

Civil Code section 2983.2 subdivision (a) provides: “Any provision in any conditional sale contract for the sale of a motor vehicle to the contrary notwithstanding, at least 15 days’ written notice of intent to dispose of a repossessed or surrendered motor vehicle must be given to all persons liable on the contract. The notice shall be personally served or shall be sent by certified mail, return receipt requested, or first class mail, postage prepaid, directed to the last known address of the persons liable on the contract. Except as otherwise provided in Section 2983.8, such persons shall be liable for any deficiency after disposition of the repossessed or surrendered motor vehicle only if the notice prescribed by this section is given within 60 days of repossession or surrender and does all of the following: ...”

Civil Code section 1717 provides: “In any action on a contract, where the contract specifically provides that attorney’s fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney’s fees in addition to costs and necessary disbursements.
“Reasonable attorney’s fees shall be fixed by the court, upon notice and motion by a party, and shall be an element of the costs of suit. ” (Italics added.)