Filed 9/2/16  Mazzaferrri v. Mazzaferro CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| EDITH MAZZAFERRI,<br><br>          Petitioner and Respondent,<br><br>v.<br><br>RONALD MAZZAFERRO,<br><br>          Respondent and Appellant. | A146585<br><br>(Sonoma County<br>Super. Ct. No. SCV-257368) |

Pursuant to the Elder Abuse and Dependent Adult Civil Protection Act (Welf. & Inst. Code, § 15600 et seq.), Edith Mazzaferri requested a restraining order against her son, Ronald Mazzaferro.  The trial court issued an order immediately after a hearing at which Mazzaferro participated.  The court orally ordered additional terms, which were incorporated in a subsequent amended order.  Mazzaferro here challenges only the amended order, contending he was denied due process and an opportunity to be heard. The record fails to support his claims and we affirm.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Mazzaferro is a vexatious litigant.  The genesis of this appeal and several others to which Mazzaferro is, or has been a party, appears to be litigation originating in the San Francisco City and County Superior Court resulting in his replacement as trustee of the Fiorani Living Trust by Mazzaferri.  (See *Mazzaferri v. Mazzaferro* (Nov. 9, 2011, A131261) [nonpub. opn.].)  The parties have also litigated in the Sonoma County

1

Superior Court over title to real property held by a family trust, for which Mazzaferri serves as trustee.[1]

In the instant case, Mazzaferri sought an elder abuse restraining order against Mazzaferro.[2] A temporary restraining order was issued on June 30, 2015. Mazzaferro filed objections to the temporary restraining order on July 6 and filed an answer to the petition on July 21. Both Mazzaferri and Mazzaferro were present and sworn as witnesses at a July 23 hearing on the petition. Mazzaferri's declaration and hearing testimony detailed the physical, emotional, and financial distress caused by Mazzaferro's actions. At the hearing, the court indicated it had read Mazzaferri's affidavit in support of her petition, and Mazzaferri confirmed under penalty of perjury that the declaration was true and correct.[3]

The trial court also confirmed at the July 23 hearing that it had reviewed Mazzaferro's entire "stack of [opposition] papers" and that it would "proceed through [the documents] one by one to discuss with [him] precisely how and why most of them are not related to this case."[4] The court discussed each document individually, striking several as irrelevant to any issue in the petition.[5] Mazzaferro also had subpoenaed a

---

[1] See, e.g., appeal Nos. A130280, A131076, A131261, A137992, A143446, A144971, A145001, A145643, A145835, A145923, and A146778.

[2] Mazzaferri was 90 years old at the time of her petition for the restraining order.

[3] In review of an elder abuse restraining order, "[d]eclarations favoring the prevailing party's contentions are deemed to establish the facts stated in the declarations, as well as all facts which may reasonably be inferred from the declarations; if there is a substantial conflict in the facts included in the competing declarations, the trial court's determination of the controverted facts will not be disturbed on appeal." (*Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1138.)

[4] Mazzaferro does not include any of his responsive documents in his appendix for this appeal. Instead he "incorporates by reference" the record filed in appeal No. A145643, an appeal between related parties now pending in this court. (Cal. Rules of Court, rule 8.124(b)(2)(A).)

[5] For example, one document was a declaration seeking disqualification of Mazzaferri's attorney, and another was "demanding dismissal of the action with prejudice due to the matters hav[ing] been fully litigated in Sonoma probate action 84785."

2

deputy district attorney to testify at the hearing, ostensibly to show that a petition seeking a criminal protective order against Mazzaferro had been dismissed. On motion of county counsel, the court quashed the subpoena, finding the proffered testimony irrelevant. Mazzaferro also offered testimony from his criminal defense attorney.

At the conclusion of the July 23 hearing, the trial court granted the restraining order as requested (July 23 order), including terms that tracked prior orders in a probate proceeding between the parties—restraining Mazzaferro from recording, or causing to be recorded, documents against properties held by Mazzaferri individually, or as trustee, without prior court approval; and restraining him from serving any documents on Mazzaferri directly, rather than through her attorney. Based on Mazzaferro's conduct in earlier matters, including his recording of spurious and fraudulent liens, the court expressed concern that the orders were not "prospective enough" to prevent Mazzaferro from interfering with title to properties after they were sold. The court directed Mazzaferri's counsel to prepare an amended order to restrain Mazzaferri from such interference.

The amended order was filed on August 10, 2015. As relevant here, the amended order revised language in attachment 6a(4)(a) and (b) of the July 23 order to read: "You are prohibited without prior approval of this Court from recording or causing to be recorded any document against any real property whose title is held by Edith Mazzaferri either individually or as trustee of the Mazzaferri Living Trust (5/10/78) *or whose title is transferred to another by Edith Mazzaferri individually or by the trustee of the Mazzaferri Living Trust*; and "You are prohibited without prior approval of this Court from interfering in any way with the sale of any *real* property whose title is held by *the trustee of the Mazzaferri Living Trust or that has been transferred to another by the trustee of that trust*.[6] (Italics added.) The amended order was personally served on Mazzaferro on October 6, 2015.

---

[6] The amended order also included a new requirement that Mazzaferro stay at least 100 yards away from Mazzaferri's vehicle. Mazzaferro did not object.

Mazzaferro filed a notice of appeal from the July 23 order on August 5, 2015 (appeal No. A145923). By letter of August 20, this court suspended that appeal pending review of Mazzaferro's compliance with vexatious litigant prefiling requirements. On August 24, we denied Mazzaferro permission to pursue appeal No. A145923 for failure to show a reasonable possibility that the appeal had merit.[7] (See Code Civ. Proc., § 391.7.) In the present matter, Mazzaferro filed his notice of appeal from the amended order on October 13. By order of November 13, Mazzaferro's application for permission to pursue the present appeal was granted in part, limited solely to claims that he had been denied due process and an opportunity to be heard prior to issuance of the amended order.

## II.    DISCUSSION

"We review the issuance of a protective order under the Elder Abuse Act for abuse of discretion, and we review the factual findings necessary to support the protective order for substantial evidence." (*Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 135.) The issues here are narrow. The July 23 order is long since final, and we consider no arguments relating to it. As to the amended order, Mazzaferro alleges that it was issued "with no notice to him and with no opportunity for him to be heard whatsoever . . . ."

---

[7] A petition for rehearing was denied on September 8, 2015. Mazzaferro did not seek Supreme Court review. On May 5, 2016, the Supreme Court filed its opinion in *John v. Superior Court* (2016) 63 Cal.4th 91, and ruled the vexatious litigant prefiling rules do not apply to a self-represented litigant who seeks to appeal a ruling in an action where he or she was a defendant in the court below. On May 18, 2016, Mazzaferro filed a "motion to reinstate appeal based on recent California Supreme Court decision," arguing that appeal No. A145923 should be reinstated as a result of the *John* decision. We rejected the argument, finding no jurisdiction to revisit our earlier decision because the order denying Mazzaferro's request to proceed with the appeal became final on September 23, 2015. (See Cal. Rules of Court, rule 8.264(b)(1).) Following oral argument in this matter on August 18, 2016, Mazzaferro submitted a "Motion To Vacate Submission Of Case And To Allow Supplemental Briefing Based On New California Supreme Court Authority Overruling Limited Scope Of Appeal And Overruling Lower Court Enforcement Of The California Vexatious Litigant Statutes Against Defendants / Appellants"—rehashing again the same arguments in his motion to reinstate appeal No. A145923. By separate order we denied the motion.

4

Mazzaferro also asserts he was denied the right to present evidence or to call and examine witness,[8] which was "structural error" requiring automatic reversal.

As an initial matter, we find that Mazzaferro grossly mischaracterizes what occurred in the trial court and the allegations of his sworn declaration that he had no notice or opportunity to be heard are patently false. Mazzaferro also fails to provide an adequate record, and he does not include a copy of Mazzaferri's petition or acknowledge service of that petition. The clerk's minutes, however, reflect service of at least the temporary restraining order on July 2, 2015, objections filed by Mazzaferro on July 6, and responsive pleadings to the petition filed by Mazzaferro on July 21. The trial court stated that it had reviewed the entirety of Mazzaferro's voluminous opposition. As previously noted, Mazzaferro appeared at the hearing and argued in opposition to Mazzaferri's petition. The changes contained in the amended order were specifically addressed by the court at the July 23 hearing and included in its oral pronouncement. The court directed Mazzaferri's counsel, in Mazzaferro's presence, to prepare the amended order to incorporate these changes.

Mazzaferro complains that the trial court's rejection of his offered evidence was a due process violation. Not so. "For due process purposes, the relevant inquiry is whether the respondent was afforded notice and an opportunity to defend [citation], and whether any procedural irregularities were prejudicial." (*Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1172.) "The due process right to present evidence is limited to relevant evidence of significant probative value to the issue before the court." (*Maricela C. v. Superior Court* (1998) 66 Cal.App.4th 1138, 1147.) " 'Relevant evidence' means evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact

---

[8] Mazzaferro attempts to challenge the amended order in its mention of another party, William Parisi. Parisi is mentioned in the amended order only as another person present at the July 23 hearing, and he is not a party to this appeal. A separate restraining order granted to Parisi is the subject of the other appeal (No. A145643) pending before us.

that is of consequence to the determination of the action." (Evid. Code, § 210.) Having reviewed the proferred evidence, the court found it irrelevant to the question of *Mazzaferro's* abusive behavior toward Mazzaferri. We review the trial court's decision to admit or exclude evidence for abuse of discretion. (*People v. Avila* (2006) 38 Cal.4th 491, 578.) Mazzaferro fails to meet his burden to affirmatively show error. We find no abuse of discretion and no denial of due process.

In his reply brief, Mazzaferro further argues that the amended order is "void" because it was filed after his August 5, 2015 notice of appeal from the July 23 order, and that the trial court had lost jurisdiction by virtue of that appeal (Code of Civ. Proc., § 916, subd. (a); *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 [subject to certain exceptions, " 'the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby' "].)[9] Even assuming that this argument is within the permitted scope of this appeal, we do not consider arguments raised for the first time in a reply brief. (*People v. Peevy* (1998) 17 Cal.4th 1184, 1206.) Mazzaferro is, in any event, simply wrong in his premise. "The purpose of the automatic stay provision of [Code of Civil Procedure] section 916, subdivision (a) 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided.' " (*Varian Medical Systems,* at p. 189.) The question is whether any post-order proceedings " 'would have any effect on the "effectiveness" of the appeal.' [Citation.] 'If so, the proceedings are stayed; if not, the proceedings are permitted.' " (*Ibid*.) The amended order here merely stated conditions imposed orally by the court at the time the July 23 order was entered. It had no impact on the effectiveness of Mazzaferro's appeal of that order. Moreover, prohibitory injunctions are *not* automatically stayed under Code of Civil Procedure section 916 pending appeal. (*Agricultural Labor Relations Bd. v. Tex-Cal Land Management, Inc.* (1987) 43 Cal.3d 696, 709.)

---

[9] We question whether Mazzaferro had "perfected" an appeal when he was subject at the time to a prefiling order. However, we need not decide that question.

6

This appeal clearly lacks merit. But for our prior order (based on what we now find to be misrepresentations) permitting Mazzaferro to pursue certain issues on appeal, we would dismiss this appeal and consider imposition of monetary sanctions. (Code of Civ. Proc., § 907; Cal. Rules of Court, rule 8.276; *Agricultural Labor Relations Bd. v. Tex-Cal Land Management, Inc., supra,* 43 Cal.3d at p. 706.) In light of Mazzaferro's history in this court and the courts below, we have no difficulty concluding that his primary purpose in this appeal is to continue the pattern of harassment and abuse of Mazzaferri so amply demonstrated on this record. Monetary sanctions previously imposed by this court and others have failed to deter Mazzaferro, and he has apparently ignored them. We have confirmed with the clerk of this court that monetary sanctions ordered on November 9, 2011, in appeal No. A131261 remain unpaid. We therefore advise Mazzaferro that we will hereafter invoke the doctrine of disentitlement[10] and decline to hear any appeal he may present in any matter involving Mazzaferri unless he first demonstrates compliance with the orders of this court and any other court from which the appeal is taken, or he shows good cause why he has failed to do so.[11]

### III.    DISPOSITION

The amended order is affirmed.

---

[10] See *Weeks v. Superior Court* (1921) 187 Cal. 620, 622; *Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 265–267; 2 Witkin, California Procedure (5th ed. 2008) Jurisdiction, section 394, pages 1038–1039.

[11] We take judicial notice of the fact that Division 2 of this court recently applied the disentitlement doctrine in dismissing Mazzaferro's appeal in a related matter. (*Mazzaferri v. Mazzaferro* (July 11, 2016, A143446) [nonpub. opn.].)

7

_____

BRUINIERS, J.


WE CONCUR:


_____

SIMONS, Acting P. J.


_____

NEEDHAM, J.