Filed 4/22/15; pub. order 5/15/15 (see end of opn.)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SINA FATON, | D066119 |
| Respondent, | |
| v. | (Super. Ct. No. DV037475) |
| BASHAR AHMEDO, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Edlene C. McKenzie, Patricia Guerrero, Judges.  Affirmed.

Sina Faton, in pro. per., for Respondent.

Carl M. Hancock for Appellant.

Bashar Ahmedo appeals from an order requiring him to pay attorney fees incurred by Sina Faton to obtain a domestic violence restraining order against him.  He asserts the fee award was improper because the fees were not requested in a timely or proper manner and they were unsupported by the evidence.  We reject these contentions and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

As we shall detail below, Ahmedo and Faton initially represented themselves in the proceedings before the trial court, which solely concerned the issue of a Domestic Violence Restraining Order (DVRO). The trial court granted a DVRO against Ahmedo; Ahmedo subsequently obtained counsel and filed a motion for reconsideration; and after reconsidering the matter the court reissued the DVRO against Ahmedo. Faton—who retained counsel when Ahmedo filed his reconsideration motion—thereafter filed a motion for attorney fees under Family Code section 6344, which was granted by the trial court.[1]

On appeal, Ahmedo challenges the attorney fees order. Faton has not filed a respondent's brief. The record on appeal does not include all of the relevant court orders and hearing transcripts, but the pertinent factual and procedural background is generally ascertainable.

*The Court's Grant of the DVRO*

Ahmedo and Faton were in a dating relationship for about two years, which included periods of cohabitation. On July 30, 2013, Faton filed a DVRO request against Ahmedo. Faton was representing herself and she left blank the section of the standard DVRO petition form (form DV-100) providing for a request of attorney fees.[2] The court

---

[1]   Subsequent unspecified statutory references are to the Family Code.

[2]   Paragraph 18 of mandatory form DV-100 ("Request for Domestic Violence Restraining Order") promulgated by the Judicial Council of California states: "Lawyer's Fees and Costs  [¶]  I ask that the [respondent] pay some or all of my lawyer's fees and

2

issued a temporary restraining order (TRO) and set the matter for hearing on August 14, 2013. Regarding attorney fees, the TRO (issued by the court on form DV-110) states: "*Not ordered now but may be ordered after a noticed hearing*." (Italics added.)

On August 7, 2013, Ahmedo filed an opposition to Faton's DVRO request; requested his own restraining order against Faton; and obtained a TRO against Faton. Also representing himself, Ahmedo left blank the section of the form (DV-120) concerning attorney fees.[3]

At the hearing on August 14, 2013, the court issued two orders: (1) an order granting Faton a one-year DVRO against Ahmedo (the First DVRO), and (2) an order dismissing Ahmedo's TRO against Faton on the basis that it was retaliatory. The order granting Faton's First DVRO request is not included in the appellate record. The standard form order dismissing Ahmedo's TRO states attorney fees are "[n]ot applicable."

Thereafter, Ahmedo retained counsel and filed a motion for reconsideration. In response, Faton also retained counsel to represent her. At a hearing on October 16, 2013, the court granted Ahmedo's reconsideration motion and set the matter for a de novo evidentiary hearing on December 31, 2013, with a three-hour time estimate.

---

costs. [¶] *You must complete, file and serve Form FL-150*, Income and Expense Declaration *before your hearing*."
    Subsequent references to forms are to mandatory Judicial Council forms.

[3]    Paragraph 18 of form DV-120 ("Response to Request for Domestic Violence Restraining Order") states: "Lawyer's Fees and Costs [¶]  a. ☐  I agree to the order requested. [¶]  b. ☐  I do not agree to the order requested. (Specify your reasons in item 23, page 4 of this form.) [¶]  c. ☐ I request the court to order payment of my lawyer's fees and costs. [¶] *Whether or not you agree, you must fill out, serve, and file Form FL-150*, Income and Expense Declaration."

At the conclusion of the December 31 de novo evidentiary hearing (where both parties were represented by counsel), the court again granted Faton a one-year DVRO against Ahmedo (the Second DVRO). The standard-form order (DV-130) used for the Second DVRO left blank the section referencing payment of attorney fees.

*Faton's Motion for Attorney Fees and Other Pleadings*

The same date as the de novo evidentiary hearing (December 31, 2013) and apparently after the court had granted the Second DVRO at that hearing, Faton filed a motion for attorney fees based on her status as the prevailing party under section 6344, subdivision (a).[4] The matter was set for hearing on March 24, 2014. It is not clear from the appellate record precisely when Faton served Ahmedo with the attorney fees motion, but there is no dispute he was served in a timely fashion with respect to the March 24 hearing on attorney fees.

In her attorney fees motion, Faton delineated her expenses and financial resources, and set forth information to support her claim that Ahmedo had substantial financial resources. She stated the case was a "moderate-to-complicated" domestic violence matter; she anticipated "significant discovery, including subpoenas" might be required; her attorneys charged $350 per hour; to date she had incurred $6,800 in fees; and she anticipated that future fees and costs would be at least $1,500. On the same date as the

---

[4]     Several weeks before the de novo evidentiary hearing, Faton had attempted to file an amended DVRO petition that included a request for attorney fees, but due to procedural matters the amended petition was not accepted by the court clerk. Ahmedo was not served with, nor aware of, the rejected amended DVRO petition containing the fee request.

filing of her attorney fees request, Faton submitted discovery requests to Ahmedo requesting disclosures of his financial resources.

On January 21, 2014, Ahmedo challenged the Second DVRO by filing a petition for writ of mandate and request for a stay with this court. On January 23, 2014, this court denied the writ petition.

After engaging in substantial negotiations, on February 26, 2014, the parties reached a stipulation that Ahmedo had the financial resources to pay an award of fees to Faton. The parties agreed there was no need for them to file income and expense declarations unless requested by the court; Ahmedo did not need to provide financial information to Faton; and Faton would withdraw her discovery requests.

Thereafter, Faton submitted additional pleadings concerning her attorney fees request; Ahmedo filed an opposition; and the matter was argued before the court at the March 24, 2014 hearing.

Ultimately, Faton requested $12,655 in attorney fees. In support, she provided a detailed summation setting forth the dates the attorney tasks were performed, identification of the attorney who performed the tasks, a description of the tasks, the attorney's hourly rate, and the amount of time and billing for the particular task. The law firm representing Faton provided services through three attorneys who expended seven hours on Ahmedo's reconsideration motion; 10 hours on the de novo evidentiary hearing; 1.5 hours reviewing Ahmedo's petition for writ of mandate and consulting with a writ expert; eight hours drafting the stipulation concerning Ahmedo's ability to pay fees and meeting and corresponding with Ahmedo's attorneys concerning the stipulation; and eight

5

hours drafting the attorney fees motion, propounding discovery requests, and preparing declarations.[5]  Faton contended the case was more than a "typical" DVRO case, noting that it involved a lengthy procedural history, including two DVRO's, a reconsideration motion, a writ, numerous pleadings, and significant "back and forth" briefings and correspondence.

In opposition, Ahmedo argued the court had no authority to award fees to Faton because she did not request them before the de novo evidentiary hearing concerning the Second DVRO request.  Ahmedo asserted Faton should have filed an amended standard form DVRO request incorporating a fee request before the de novo evidentiary hearing; her failure to do so constituted a forfeiture of her right to request fees; section 6344 does not permit a fee motion that was not filed on the standard DVRO request form before the DVRO evidentiary hearing; and he was prejudiced by the lack of timely notice because had he known he was facing a fee request he would have settled the case before the de novo evidentiary hearing.

---

[5]    Faton provided a summation of the law firm's services as follows.  (1) Associate/certified family law specialist:  $350 per hour, 20 hours, including review of the transcript for the First DVRO hearing when the parties were self-represented; preparation of the pleadings for the reconsideration motion, discovery requests, and stipulation; and appearance at the de novo evidentiary hearing.  (2) A second associate: $250 per hour, five hours, including communications with opposing counsel, and review of the pleadings and appearance at the hearing on the reconsideration motion.  (3) The firm's founder:  $350 per hour, 10 hours, including review of the pleadings and appearance at the de novo evidentiary hearing.

Faton's fee request included about 1.5 hours for preparing her response in a related small claims case filed by Ahmedo against Faton.

Alternatively, Ahmedo argued the amount of fees requested was excessive. He contended the case was a routine matter that could not reasonably support the amount of legal work and representation claimed by Faton; the hourly rates charged by Faton's attorneys were too high; if Faton had filed an amended DRVO petition to request fees the parties would have simply exchanged income and expense declarations (as provided for in the standard DVRO request form) and there would have been no need for a separate fee motion; and section 6344's prevailing party attorney fees provision did not permit Faton to promulgate and incur fees for extensive discovery concerning his finances.

In reply, Faton urged the court to discredit Ahmedo's claim that the case would have been settled had he known of her attorney fees request before the de novo evidentiary hearing. She argued Ahmedo's course of conduct throughout the case had been to " 'attack at all costs' " and " 'fight this until the bitter end,' " including by filing the reconsideration motion after the court's grant of the First DVRO and the writ after the court's grant of the Second DVRO.

*Trial Court's Order Requiring Ahmedo To Pay Attorney Fees*

After reviewing the pleadings and hearing counsel's arguments, the court ordered Ahmedo to pay Faton $5,000 for attorney fees.

As to the issue of notice, the court found that although Faton did not file an amended DVRO petition requesting attorney fees before the de novo evidentiary hearing, the requirements of section 6344 and due process were met through the provision of notice and a hearing before an award of fees to Faton as the prevailing party. The court rejected Ahmedo's objection to a fee award based on the possibility that he might have

7

responded differently to the DVRO petition had he known before the de novo evidentiary hearing that Faton was seeking attorney fees. The court explained: "I find that under the circumstances and given the procedural history, it is very doubtful he would not have still gone forward . . . ." Further, the court noted that the TRO issued upon Faton's filing of the First DVRO request provided notice of potential attorney fees by stating they were "not ordered now, but may be ordered after a noticed hearing." Relying on the plain language of section 6344, the court concluded it had jurisdiction to award fees because Ahmedo had been provided notice before the attorney fees hearing.

As to the amount of fees, the court awarded Faton $5,000 instead of the requested $12,655. The court stated it calculated the award amount primarily based on fees incurred for the de novo evidentiary hearing and several additional matters that it found were reasonable. The court stated it had excluded fees that were not appropriate to include in the award, including for matters related to the discovery of Ahmedo's finances and review of the writ which had been summarily denied.

## DISCUSSION

### I. *Procedural Challenges*

Section 6344, subdivision (a) states: "*After notice and a hearing*, the court may issue an order for the payment of attorney's fees and costs of the prevailing party." (Italics added.) Section 6344 is part of the Domestic Violence Prevention Act, which provides for issuance of protective orders in domestic violence situations and for the use of standard Judicial Council forms (§§ 6200, 6221, 6226, 6300 et seq.). Concerning Judicial Council forms, section 6226 states: "The Judicial Council shall prescribe the

8

form of the orders and any other documents required by this division and shall promulgate forms and instructions for applying for orders described in this division." As indicated in our factual summation, the standard mandatory forms for DVRO requests, responses, and orders (forms DV-100, DV-110, DV-120, DV-130) include sections allowing a petitioner and respondent to request attorney fees and for the court to reference and/or order attorney fees.

On appeal, Ahmedo challenges the court's authority to award attorney fees to Faton, raising several arguments similar to those he made to the trial court. He contends (1) Faton forfeited her right to obtain fees by failing to request them before the de novo evidentiary hearing and failing to request them on the standard DVRO request form; (2) section 6344, and the overall DVRO statutory scheme, reflects a legislative intent not to permit an attorney fees motion that deviates from the procedure provided for in the standard DVRO request form; and (3) deviation from the procedure set forth in the standard DVRO request form will result in nonuniform, unfair judicial decisions concerning the notice required for DVRO attorney fees requests. As we shall explain, we do not find these claims persuasive.

## A. *Forfeiture Claim*

Ahmedo argues that Faton forfeited her right to request attorney fees because she failed to file an amended standard form DVRO petition incorporating an attorney fees request prior to the de novo evidentiary hearing on her DVRO petition, but instead waited until after issuance of the DVRO to file a request for fees.

9

The contention fails because statutory attorney fees need not be pleaded and proved at trial and may properly be awarded after entry of judgment. (*Snatchko v. Westfield LLC* (2010) 187 Cal.App.4th 469, 496-497; *Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 194; *Mabee v. Nurseryland Garden Centers, Inc*. (1979) 88 Cal.App.3d 420, 425.) As explained in *Mabee*, "[T]he court's authority to determine and award attorney fees is to the 'prevailing party' as an incident to that party's success. . . . [¶] [Defendant] fails to distinguish between the allowance of attorney fees to the prevailing party as an incident to the principal cause of action and other distinct factual situations where attorney fees are in whole or in part of the cause of action. . . . [¶] . . . [When] the claim for attorney fees is part of the damage sought in the principal action . . . in such circumstance . . . the attorney fee [is] required to be pleaded and proven—as any other item of damages—at trial. No similar procedural and evidentiary base is required where 'the attorney fee was not the cause of action but an incident to it.' " (*Mabee, supra*, at pp. 424-425; see generally *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC* (2012) 205 Cal.App.4th 999, 1033, 1035, fn. 50 [when attorney fees are item of special damages such as in malicious prosecution action, proper procedure is to plead and prove them at trial unless parties agree otherwise].)

Here, because the prevailing party attorney fees were statutorily authorized as an incident to the DVRO request (rather than an item of special damages related to the DRVO request), Faton's failure to ask for them on a standard form DVRO petition prior to the evidentiary hearing did not constitute a forfeiture of her right to seek them after the court issued the DVRO in her favor.

B. *Claims Based on Legislative Intent*

Ahmedo asserts section 6344 does not permit an attorney fees request to be made after the conclusion of the DVRO evidentiary hearing. This claim finds no support in the statutory language or other indications of legislative intent. As found by the trial court, section 6344 requires only notice and a hearing, and it contains no language suggesting that fees must be denied simply because the notice and hearing were provided after, rather than before, the evidentiary hearing on the DVRO request. When interpreting a statute, we give the words a plain and commonsense meaning. (*Sanchez v. Swissport, Inc.* (2013) 213 Cal.App.4th 1331, 1336-1337.) "[I]f a statute is clear, the 'plain meaning' rule applies; the Legislature is presumed to have meant what it said." (*Sea World, Inc. v. County of San Diego* (1994) 27 Cal.App.4th 1390, 1402.) The plain language of section 6344 requires notice and a hearing, both of which were afforded here.

We are not persuaded by Ahmedo's suggestion that allowing the notice and hearing concerning attorney fees to occur after adjudication of the DVRO request undermines the legislative goal of providing streamlined mechanisms for handling DVRO petitions. The Legislature's stated intent is to prevent domestic violence and to separate persons involved in this violence pending resolution of the causes of the violence (§ 6220), and this intent is advanced through expeditious issuance of *restraining orders*. The question of whether *attorney fees* should be granted to the prevailing party under section 6344 does not require expedient resolution because it is the issuance of the DVRO (not the grant of attorney fees) that ameliorates the threat of violence. Thus, the violence prevention and protection goals underlying the DVRO statutory scheme do not

11

require that an attorney fees request be raised and adjudicated at the same time as the merits of the DVRO request.

We also reject Ahmedo's assertion that the court had no authority to award attorney fees because Faton did not follow the procedure for fee requests provided in the Judicial Council DVRO petition form. The contents of mandatory family law Judicial Council forms generally equate with rules of court (§ 211; Rules 5.7(a), 1.31; Gov. Code, § 68518), and they are relevant when evaluating the rights and responsibilities of the parties (see, e.g., *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1169-1171 [failure to check child support box in standard form precluded inclusion of child support in default judgment]; *In re Marriage of Kahn* (2013) 215 Cal.App.4th 1113, 1116-1119; *County of Lake v. Palla* (2001) 94 Cal.App.4th 418, 424-428; *In re Marriage of Sharples* (2014) 223 Cal.App.4th 160, 166-167 [discussing distinction between mandatory and optional forms]). However, there is nothing in the DVRO statutory scheme, nor in the DVRO petition form itself, that suggests the Legislature intended to deprive a trial court of fundamental jurisdiction to award attorney fees solely because the prevailing party failed to make the fee request through the use of the standard form. Section 6226 states that the Judicial Council shall prescribe the DVRO forms, but it does not state that a litigant's failure to use the forms necessarily requires the court to withhold the requested relief. Similarly, the DVRO petition form allows for attorney fees requests, but the form does not state it is the exclusive means for making the requests. (See *In re Albert B.* (1989) 215 Cal.App.3d 361, 379-380 [absent indication that Legislature intended to "strip the

12

court of its jurisdiction," failure to comply with statutory mandate is not mandatory in jurisdictional sense].)

Consistent with the conclusion that a trial court retains authority to grant a DVRO attorney fees request even when the standard form procedure was not used, section 6221 states that orders under the Domestic Violence Prevention Act must be issued on the Judicial Council forms, but also states that "*the fact that an order issued by a court pursuant to this section was not issued on forms adopted by the Judicial Council and approved by the Department of Justice shall not, in and of itself, make the order unenforceable*." (Italics added.) The Legislature's explicit recognition of the validity of DVRO orders issued without use of the standard forms supports the validity of an attorney fees request that is filed without using the standard form.

We are also unpersuaded by Ahmedo's claim that allowing an attorney fees request to be filed after the DVRO evidentiary hearing gives the prevailing party an opportunity to engage in excessive discovery concerning the opponent's financial resources, whereas an attorney fees request included in the standard DVRO petition form necessarily limits the parties to an exchange of income and expense declarations. Although the standard DVRO forms (forms DV-100, DV-120) require the parties to provide income and expense declarations in conjunction with an attorney fees request (see fns. 2 & 3, *ante*), these form provisions do not preclude a court from exercising its discretion to permit additional financial discovery in an appropriate case. Any concerns over excessive discovery requests are a matter for judicial resolution, and there is nothing in the

13

legislative scheme that suggests discovery matters should restrict a court's authority to award attorney fees to a prevailing party who requested fees after the DVRO hearing.

## C. *Lack of Uniformity and Unfairness Claims*

Ahmedo asserts that the interests of uniform judicial decisionmaking require that all DVRO attorney fees requests be made under the procedure set forth in the Judicial Council forms. He posits that without strict adherence to these procedures, trial courts will unfairly decide that some parties are entitled to the pre-DVRO hearing notice provided by the standard forms, whereas others are not, depending, for example (as here), on whether the court finds pre-DVRO hearing notice of the fee request might have affected the party's litigation decisions concerning the DVRO request.

Ahmedo's claims of unfairness and lack of uniformity are misplaced. The purpose of notice requirements is to afford a party due process. (*In re Marriage of Lippel, supra*, 51 Cal.3d at p. 1166.) For due process purposes, the relevant inquiry is whether the respondent was afforded notice and an opportunity to defend (*ibid*.), and whether any procedural irregularities were prejudicial (*In re E.M*. (2014) 228 Cal.App.4th 828, 851-853). The record here shows no deprivation of due process or prejudicial irregularities.

First, this is not a case where reversal is required because a party was deprived of notice and a meaningful opportunity to defend. (See, e.g., *In re Marriage of Lippel, supra*, 51 Cal.3d at p. 1167.) Second, the court could reasonably reject Ahmedo's delayed-notice claim based on the imputed notice arising from the existence of the statutory provision (§ 6344, subd. (a)) that allows an award of fees to the prevailing party. (See *Arthur Andersen v. Superior Court* (1998) 67 Cal.App.4th 1481, 1506-1507 [parties

14

are deemed to have constructive notice of existing laws]; see also *Chinn v. KMR Property Management, supra*, 166 Cal.App.4th at p. 194 [due process satisfied by notice and hearing on attorney fees even though contractual attorney fees request not included in complaint].) Also, as noted by the trial court, the TRO issued in response to Faton's First DVRO request explicitly informed Ahmedo that an award of attorney fees was possible.

Third, relevant to prejudice, the trial court rejected Ahmedo's contention that earlier notice of Faton's intent to seek fees might have altered the manner in which he responded to her DVRO request. To the extent the court's finding was derived from a credibility evaluation, as an appellate court we defer to this assessment. (*In re Marriage of Cochran* (2001) 87 Cal.App.4th 1050, 1056.) The court could reasonably deduce that Ahmedo's decision to file a writ with our appellate court after issuance of the Second DVRO reflected that he was determined to raise a significant opposition to the DVRO request and he would not have made a different choice even if prior to the de novo evidentiary hearing Faton had expressly notified him that she would seek fees.

Ahmedo has not shown that Faton's request for fees after the issuance of the DVRO was improper or caused any prejudice to his rights.

## II. *Substantial Evidence Challenge*

Ahmedo argues the court abused its discretion because the fee award is not supported by substantial evidence.

We review a challenge to the amount of a fee award under the abuse of discretion standard. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1509.) " '[A]n experienced trial judge is in a much better position than an appellate court to assess the value of the

15

legal services rendered in his or her court, and the amount of a fee awarded by such a judge will therefore not be set aside on appeal absent a showing that it is manifestly excessive in the circumstances.' [Citation.] 'The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination.' " (*Ibid.*)

Faton requested $12,655 in fees and provided detailed documentation concerning her counsel's work and billings to support this request. The trial court awarded her $5,000 in fees. The record shows Faton's attorneys responded to and appeared at the hearing on Ahmedo's motion for reconsideration; prepared pleadings and appeared at the de novo evidentiary hearing for the Second DVRO request; and prepared pleadings for and appeared at the hearing for the attorney fees request. Ahmedo has not shown that the court abused its discretion in determining that $5,000 was a reasonable amount of fees incurred for this representation.

In support of his challenge to the amount of the award, Ahmedo reiterates essentially the same arguments he made to the trial court when claiming the $12,655 fee request was excessive (for example, the use of three attorneys was unnecessary; their hourly rates were too high; the case was not complex and did not require the amount of time they claimed; and they promulgated excessive and abusive discovery requests). Ahmedo has not explained how these complaints apply to the court's award of $5,000, an amount that is substantially less than the amount presented and documented by Faton in

her pleadings to the trial court.  Ahmedo has not shown the court awarded an unreasonable amount of fees.

## DISPOSITION

The order is affirmed.  Costs to respondent.


_____

HALLER, J.

WE CONCUR:


_____

BENKE, Acting P. J.


_____

O'ROURKE, J.

17

Filed 5/15/15

**CERTIFIED FOR PUBLICATION**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SINA FATON,<br><br>    Respondent,<br><br>    v.<br><br>BASHAR AHMEDO,<br><br>    Appellant. | D066119<br><br><br><br>(Super. Ct. No. DV037475)<br><br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION |

THE COURT:

The opinion filed April 22, 2015, is ordered certified for publication.

BENKE, Acting P. J.

Copies to:  All parties

18