Filed 8/19/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BEATRIZ GUTIERREZ, | B309098 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19STCV07235) |
| v. | |
| CHOPARD USA LTD., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael L. Stern, Judge. Affirmed.

Lewis, Brisbois, Bisgaard & Smith, Shane Singh and Tracy D. Forbath for Defendant and Appellant.

Beverly Hills Trial Attorneys, Azar Mouzari and Nilofar Nouri for Plaintiff and Respondent.

———————————————

Defendant and appellant Chopard USA Ltd. (Chopard) appeals the trial court's order of attorney fees and costs in favor of plaintiff and respondent Beatriz Gutierrez (Gutierrez). Gutierrez, who is legally blind, alleged a single cause of action

against Chopard under the Americans with Disabilities Act (ADA), claiming that Chopard failed to ensure that its website was adequately accessible to her. The parties executed and filed a joint stipulation in which Chopard "agreed not to dispute liability as it pertains to its website . . . and as to Plaintiffs claims." Chopard further stipulated that "it will not dispute that Plaintiff is entitled to attorneys' fees and costs under the shifting provisions of Cal. Civil Code §§ 51 and 52, which apply in this case."[1]

On appeal, Chopard argues that Gutierrez is not entitled to attorney fees and costs. Alternatively, it argues that the trial court's award of fees was excessive and unreasonable. Gutierrez contests these claims, and requests that this court clarify the trial court's ruling, which did not explicitly address her updated request for attorney fees raised in her Reply to the Opposition to the Motion for Attorney Fees.

We affirm the trial court's order. We reject Gutierrez's request for additional attorney fees, as she failed to file a cross appeal raising the contention.

## FACTS AND PROCEDURAL HISTORY

### *Pleadings and Motions*

Gutierrez filed the complaint against Chopard on February 28, 2019, alleging that Chopard unreasonably denied her, and similarly visually-impaired individuals, equal access to its online goods and services in violation of the Unruh Civil Rights Act

---

[1] All further statutory references are to the Civil Code unless otherwise indicated.

(§ 51, et seq.) (Unruh Act) and Title III of the ADA (42 U.S.C. 12101, et seq.). Gutierrez is visually impaired and legally blind (terms that are used interchangeably in the complaint). She utilizes screen-reading software to access and read website content on her computer. Screen-reading software is the only available mechanism that enables her and others who do not have sufficient residual eyesight to access websites such as Chopard's. Although numerous other businesses operate websites and mobile applications that permit her to access goods and services with the same convenience afforded to those who are not visually impaired, Chopard's website is not fully accessible to the screen-reading technology that Gutierrez and other visually-impaired persons use. There are well established industry guidelines for making websites available to the visually impaired, as well as guidelines recommended by the federal government. Chopard's website does not comply with these guidelines and contains multiple barriers to use by screen-reading software. Gutierrez attempted to access Chopard's website on numerous occasions and encountered access barriers. Chopard lacked policies regarding the centralized maintenance of their website that would ensure that it was, and would continue to be, fully and equally accessible to Gutierrez and other visually-impaired persons. Gutierrez sought injunctive relief limited to a cost of $15,000 or less, statutory minimum damages limited to $4,000 per violation under section 52, subdivision (a), reasonable attorney fees and costs under section 52, subdivision (a), prejudgment interest, and costs of suit.

Chopard moved to strike the complaint, and the trial court denied the motion. Chopard filed its answer, and moved for

3

summary judgment. The motion for summary judgment was also denied.

*Joint Stipulation and Settlement Agreement*

On January 7, 2020, the parties filed a Joint Stipulation Re: Conditional Settlement of All Claims (Joint Stipulation) with the trial court. Gutierrez's attorney signed for her as plaintiff, and attorney Shane Singh signed for Chopard as its attorney. As pertinent here, the Joint Stipulation states:

"Defendant has agreed not to dispute liability as it pertains to its website, www.chopard.com/us under the applicable website accessibility guidelines, and as to Plaintiff's claims.

"Defendant has also agreed that it will not dispute that Plaintiff is entitled to attorneys' fees and costs under the fee shifting provisions of Cal. Civil Code §§ 51 and 52, which apply in this case.

"The parties have agreed that attorneys' fees and costs arising from this matter will be determined by noticed motion brought by Plaintiff, and request that this Court retain jurisdiction over this matter to decide this dispute.

"The Parties agree that Defendant shall retain all rights to oppose any motion relating to attorneys' fees and costs, based on relevant legal authority.

"The compromise of the damages to Plaintiff will be memorialized by a written settlement agreement."

In August 2020, the parties executed a Confidential Settlement Agreement and Release (Settlement Agreement).[2]

---

[2] The Settlement Agreement is confidential and not contained in the record on appeal.

4

***Motion for Attorney Fees and Costs***

On August 21, 2020, Gutierrez moved the court for an award of attorney fees and costs. She stated that Chopard had stipulated that it would not dispute her entitlement under sections 51 and 52 to attorney fees; the only issue to be determined was the reasonable amount of fees and costs. Gutierrez sought attorney fees of $81,250 for 162.5 hours of work at a rate of $500 per hour. Gutierrez did not request a multiplier or time worked by the firm's non-attorney staff, amounting to approximately 30 hours. Gutierrez requested costs in the amount of $14,045.67, for a total award of $95,295.67. The motion was supported by counsels' declarations, detailed time sheets, the parties' Joint Stipulation, a table of comparable awards, orders granting attorney fees and costs, the Laffey Matrix of billing rates by years of legal practice experience, Thompson Reuters Legal Billing Report for California by geographic region, and articles discussing rising billing rates.

Chopard filed an opposition to Gutierrez's motion for attorney fees on September 1, 2020. The opposition argued that the motion for attorney fees should be denied because service was untimely, there had been no finding of liability under sections 51 and 52, and Gutierrez's lawsuit was not a "catalyst" for equitable relief. Alternatively, Chopard argued that the fees and costs Gutierrez requested were unreasonable and excessive, and should not exceed $36,202.88. The following were attached to the opposition: the declaration of Chopard's counsel, Shane Singh; the court's minute order dated August 6, 2020, advancing the hearing on the motion; an e-mail from Gutierrez's counsel to

Singh, dated August 21, 2020, attaching the motion; and Proof of Service for Notice of Motion for Attorney Fees and Costs dated August 21, 2020. Chopard concurrently filed a request for judicial notice of settlement agreements Chopard had entered into with other plaintiffs.

In his declaration, Mr. Singh suggested that the Joint Stipulation submitted and relied upon by Gutierrez could not be a basis for her request for attorney fees and costs, declaring: "[the Settlement Agreement] supersedes and replaces all previous agreements, including the agreements contained in the Joint Stipulation re: Conditional Settlement." As proof of the Settlement Agreement's terms, Mr. Singh also declared that "[w]ithout Defendant admitting liability, the Parties agreed that Plaintiff was the prevailing party in this matter in regard to attorney's fees and costs." (Bolding and underlining omitted.)

Gutierrez filed a reply to the opposition on September 8, 2020, attaching counsel's supplemental declaration; the Joint Stipulation; and counsel's timesheets. The reply argued that service was timely, it should be undisputed that Gutierrez was entitled to attorney fees and costs per the terms of the Joint Stipulation and representations on the record, and that Chopard's objections to the amount of attorney fees and costs were baseless, self-serving, and arbitrary. In the conclusion of the reply, Gutierrez made an updated request for $91,150.00 in attorney fees and $14,045.67 in costs, for a total award of $105,195.67 for work performed as of the filing of the reply.

A hearing on the motion for attorney fees and costs was held on September 15, 2020. The trial court's minute order dated September 15, 2020 reflects that the court granted the motion and awarded Gutierrez $81,250.00 in attorney fees and

6

$14,045.67 in costs, for a total award of $95,295.67, the amounts she had requested in her moving papers.

### *Order and Judgment*

The trial court filed its order granting attorney fees and costs on September 28, 2020.  The trial court approved Gutierrez's counsel's billable rate of $500 per hour and found it reasonable for the work completed during the litigation; approved the 162.5 hours counsel spent on the litigation and found the hours to be reasonable; and approved the $14,045.67 in costs expended, which it also found reasonable.

The trial court filed its judgment for attorney fees and costs on the same day.  The judgment reflects that the court granted the motion and awarded Gutierrez $81,250.00 in attorney fees and $14,045.67 in costs, for a total award of $95,295.67, plus post-judgment interest at the rate of ten percent per anum pursuant to section 685.010, to accrue upon entry of judgment.

### *Notice of Appeal*

Chopard timely appealed on November 25, 2020.  Chopard filed a notice designating the record on appeal on December 7, 2020, stating that the oral proceedings of the hearing on the motion for attorney fees and costs was not reported by a court reporter, and that Chopard would be proceeding by settled statement.

*Settled Statement*

Sometime thereafter, Chopard filed a proposed settled statement with the trial court that is not contained in the record. Gutierrez responded on January 28, 2021, requesting changes to the proposed settled statement. The proposed revisions included a summary of the arguments in the motion and a listing of the attached documents. On February 16, 2021, the trial court ordered Chopard to correct the settled statement to incorporate Gutierrez's proposed revisions, stating that the revisions "accurately reflect the court's rulings."

On March 9, 2021, Chopard filed the following proposed settled statement:

"On September 15, 2020, Judge Stern, having received the briefing submitted by the parties, allowed the parties to be heard on the motion. Counsel for plaintiff and defendant both appeared at the hearing. Defendant opposed the tentative ruling in plaintiff's favor and argued plaintiff's motion should be denied because: (1) the terms of the stipulation do not entitle plaintiff to her fees and costs because it was superseded by the Settlement Agreement; (2) Civil Code sections 51 and 52 do not entitle plaintiff to her fees and costs because there has been no finding of "liability" under the Unruh Act; and (3) the catalyst argument also does not entitle plaintiff to her fees and costs because changes to defendant's website accessibility were not prompted by plaintiff's suit. Additionally, defendant argued the amount of fees and costs plaintiff sought were unreasonable and should be reduced to a total of $36,202.88 based on the following grounds: (1) plaintiff's counsel's hourly rate was excessive and should be lowered to $300/hrs. [*sic*]; (2) plaintiff's counsel's summaries of

8

her billing entries were vague and showed block billing; and (3) plaintiff's counsel billed for clerical work. After hearing the parties' arguments, the court made limited remarks that the case should have been settled earlier. Having received the briefs submitted in this case and reviewed the arguments made by counsel in the brief and at the hearing, the Court found without further explanation that: (1) plaintiff was the prevailing party under Civil Code section 51 and 52 and entitled to attorneys fees and costs and (2) plaintiff's counsel's hourly rate and hours spent on the case was [*sic*] reasonable. The Court granted plaintiff's motion in its entirety, awarding the amount of $81,250 in fees and $14,045.67 in costs, as submitted by plaintiff in the motion, for a total award of $95,295.67. The Court did not address the additional fees and cots [*sic*] plaintiff's counsel included in the reply. Specifically, plaintiff updated her request for fees to $91,150.00, reflecting the worked performed as of the filing of the reply, with costs of $14,045.67 for a total requested award of $105,195.67. The Court also ordered for: (1) counsel to meet and confer regarding the proposed judgment and (2) plaintiff to file a notice of ruling and proposed judgment by September 24, 2020. The Court further ordered Defendant to file any objections by that date."

On April 12, 2021, the trial court certified the proposed settled statement, but noted the following under "corrections required": "The 'proposed settled statement' appears consistent with the appellant's contentions on appeal but is inconsistent with the court's February 16, 2021 minute order."[3]

---

[3] There is no February 16, 2021 minute order in the record. The court was likely referring to its February 16, 2021 order, which the proposed settled statement did not comply with in full.

9

## DISCUSSION

### *Standard of Review*

Courts "generally review an award of attorney fees for abuse of discretion.  However, we independently review the *legal basis* for an attorney fee award.  [Citation.]  Under some circumstances, this may be a mixed question of law and fact warranting a deferential standard of review.  [Citation.]  But where the material facts are not in dispute, our review is de novo.  [Citations.]"  (*R.W.L. Enterprises v. Oldcastle, Inc.* (2017) 17 Cal.App.5th 1019, 1025.)

### *The Trial Court Did Not Err by Awarding Attorney Fees and Costs Under the Unruh Act*

The principal relief Chopard seeks on this appeal is stated plainly in the conclusion to its opening brief: Chopard asks this court to reverse the trial court's judgment "because Gutierrez is not entitled to attorney fees."  The brief is signed by its counsel, Mr. Singh, who also signed and caused to be filed in the trial court the Joint Stipulation in which Chopard promised "it will not dispute that Plaintiff is entitled to attorneys' fees."  When asked at oral argument to justify an appeal disputing Gutierrez's entitlement to fees in the face of its promise not to, Chopard's counsel[4] attempted to avoid the Joint Stipulation by referencing Mr. Singh's declaration filed in the trial court.  Specifically,

_____

[4] Despite being the only attorney listed on Chopard's appellate briefs, Mr. Singh did not appear for argument; Chopard was represented at argument by one of Mr. Singh's colleagues.

counsel pointed to Mr. Singh's statement that the Settlement Agreement "supersedes and replaces" all of the "agreements contained in the [Joint Stipulation]."

Chopard's attempt to avoid application of the Joint Stipulation is not well-taken. The Settlement Agreement is not in our record, and regardless, we place little import on Mr. Singh's declaration containing his personal characterization of its terms. But of greater significance, at oral argument Chopard's counsel conceded that the Joint Stipulation and the Settlement Agreement are "substantively identical," revealing that Chopard's reliance on the Settlement Agreement as containing material terms, superseding its promises in the Joint Stipulation, is at best a red herring.

We are accordingly troubled by Chopard's desire to have us reach the merits of an appeal arguing for specified relief in direct contravention of its promise in a court filing not to, but we will address appellant's specific arguments below for the sake of completeness.

Chopard first argues that Gutierrez is not entitled to an award of attorney fees and costs under the Unruh Act, which it asserts requires a finding or admission of liability. The precedent Chopard relies on to support this theory is inapposite. "In *Doran*[ *v. North State Grocery, Inc.* (2006) ]137 Cal.App.4th [484,] 487 [(*Doran*)], the plaintiff sued the defendant supermarket for illegal 'architectural barriers' preventing wheelchair accessibility. (*Id.* at p. 487.) The defendant made an offer to compromise pursuant to section 998, which was accepted by the plaintiff. (*Doran*, at p. 487.) The section 998 offer agreed to a judgment in the plaintiff's favor in the amount of $10,000, but was silent as to the apportionment of attorney fees and any admission of liability by

11

the defendant. (*Doran*, at p. 487.) The plaintiff subsequently argued he was entitled to attorney fees as the prevailing party, and the trial court awarded him fees. (*Id.* at pp. 487–488.) On appeal, the court analyzed the statutory language of the Unruh Civil Rights Act and its legislative history. (*Doran*, at pp. 490–491.) It noted Civil Code section 52, which sets forth the attorney fees provision for the Unruh Civil Rights Act, only 'authorizes an award of attorney fees to a person "denied the rights provided in Section 51, 51.5, or 51.6."' (*Doran*, at p. 490.) The court thus concluded 'the plain language makes clear that only those who deny rights guaranteed by section 51, 51.5, or 51.6 are liable for attorney fees.' (*Id.* at p. 489.) In doing so, the court expressly rejected the plaintiff's argument that the general entitlement to attorney fees by the prevailing party under Code of Civil Procedure sections 1032 and 1033.5 should trump the language of Civil Code section 52. (*Doran*, at pp. 490–491.) Because the accepted offer to compromise was silent on whether the defendant had violated the Unruh Civil Rights Act, the award of attorney fees in favor of the plaintiff was reversed. (*Doran*, at pp. 491–493.)" (*Linton v. County of Contra Costa* (2019) 31 Cal.App.5th 628, 633–634 (*Linton*).)

In *Linton*, the plaintiff argued that a settlement agreement made under section 998 entitled her to attorney fees because it provided her the right to seek attorney fees as "'allowed by law'" (*Linton*, *supra*, 31 Cal.App.5th at p. 631), and as the "prevailing party" under Code of Civil Procedure section 1032 she was entitled to attorney fees (*id.* at pp.632–633). The trial court ruled that Linton was not entitled to attorney fees because both the California Disabled Persons Act (Civ. Code, § 54 et seq.; (DPA)) and the Unruh Act, under which her claims were brought,

required a finding of liability, and there was not a finding of liability in the settlement offer. (*Ibid*.) On appeal the court held that the language of the settlement agreement was unambiguous—Linton could pursue attorney fees "'allowed by law,'" which she had done unsuccessfully. (*Id*. at p. 636.) Her mistaken belief that her attorney fees were "allowed by law" because she believed that either the settlement or her designation as the prevailing party would equate to a finding of liability did not support reformation of the agreement. (*Id*. at pp. 636–637.) The appellate court held that "a prevailing party is not automatically entitled to attorney fees merely by virtue of prevailing, but must demonstrate such an entitlement via contract, statute, or law." (*Id*. at p. 633.)

The circumstances in the present case vary significantly from those in *Doran* and *Linton*. The *Doran* court observed that "Doran was not compelled to accept North State's offer to compromise and, indeed, could have tendered a counteroffer that included an apportionment of the attorney fees or a statement of North State's liability under section 51." (*Doran*, *supra*, 137 Cal.App.4th at p. 492.) Unlike Doran, Gutierrez negotiated for attorney fees and costs. Whereas, in *Doran*, the settlement offer was silent regarding apportionment of attorney fees and the defendant's liability, here the parties executed and filed with the court a Joint Stipulation in which Chopard expressly "agreed not to dispute liability as it pertains to its website, www.chopard.com/us under the applicable website accessibility guidelines, and as to Plaintiff's claims. . . [and also] agreed that it will not dispute that Plaintiff is entitled to attorneys' fees and costs under the fee shifting provisions of Cal. Civil Code §§ 51 and 52, which apply in this case." This case is also

13

distinguishable from *Linton*.  In *Linton*, although the settlement permitted the plaintiff to seek attorney fees "allowed by law," it did not state that the plaintiff was entitled to attorney fees. Here, Chopard stipulated not to dispute its liability or to dispute that Gutierrez was entitled to attorney fees and costs under the Unruh Act, which it agreed was the applicable statute.  Chopard is bound by the Joint Stipulation and cannot rely on semantics to avoid its import.  The Joint Stipulation left unresolved the issue of the *amount* of the award to which Gutierrez was entitled, but there is no question that Gutierrez was entitled to an award, with the amount to be decided by the trial court following a noticed motion by Gutierrez.

### *Reasonableness of Attorney Fees and Costs*

Chopard alternatively argues that the trial court abused its discretion by awarding attorney fees and costs that were excessive and unreasonable.  A trial court's determination of the amount of attorney fees to award is reviewed for an abuse of discretion.  (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1509.)  ""[A]n experienced trial judge is in a much better position than an appellate court to assess the value of the legal services rendered in his or her court, and the amount of a fee awarded by such a judge will therefore not be set aside on appeal absent a showing that it is manifestly excessive in the circumstances." [Citation.]  "The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination."' [Citation.]" (*Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1173.)

14

As the party challenging the fee award, the appellant has the affirmative obligation to provide an adequate record so that we may assess whether the trial court abused its discretion; failure to do so may result in affirmance. (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 (*Vo*) [""""A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent. . . ."""].)

Chopard has not met this burden. Although the trial court's order and judgment awarding attorney fees are in the record, they do not reflect the trial court's reasons for accepting Gutierrez's calculations of the amount of attorney fees and costs. Chopard's proposed settled statement, which the trial court certified, simply restates its own arguments and the trial court's ultimate ruling. It contains none of the court's reasoning or analysis. The hearing was not reported, and without a reporter's transcript, there is no basis upon which to review the reasoning underlying the trial court's determination of the amount of attorney fees to award. We cannot conclude that the trial court abused its discretion on the record before us. (See *Vo, supra*, 79 Cal.App.4th at p. 447 [affirming judgment where record was inadequate to conclude the trial court abused its discretion in determining whether the attorney fee was reasonable].)

As we have explained, the trial court correctly concluded that Gutierrez was entitled to recover attorney fees and costs. We therefore affirm the portion of the trial court's order setting the amount of reasonable attorney fees.

15

***Updated Request for Attorney Fees***

In the respondents' brief, Gutierrez contends the trial court should have awarded attorney fees for work performed up to the filing of the reply, but she failed to file a cross-appeal raising the issue. "As a general matter, "'a respondent who has not appealed from the judgment may not urge error on appeal.'" [Citation.] "To obtain affirmative relief by way of appeal, respondents must themselves file a notice of appeal and become cross-appellants.'" (*Preserve Poway v. City of Poway* (2016) 245 Cal.App.4th 560, 585.) Because Gutierrez did not file a cross-appeal from the trial court's order awarding attorney fees and costs, she has forfeited her challenge to the order seeking affirmative relief.

## DISPOSITION

We affirm the trial court's order awarding attorney fees to Gutierrez. Gutierrez is entitled to attorney fees and costs on appeal.

MOOR, J.

We concur:

RUBIN, P. J.

BAKER, J.

16