Filed 6/23/23  Battaglia v. Koechlin CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PAUL BATTAGLIA, | H049907 |
| Defendant and Appellant, | (Santa Clara County Super. Ct. No. 20DV000558) |
| v. | |
| NILUFER KOECHLIN, | |
| Plaintiff and Respondent. | |

**THE COURT**[1]

Paul Battaglia appeals from an order awarding him partial attorney fees after he prevailed in a request for a domestic violence restraining order (DVRO).  Battaglia contends the trial court abused its discretion by reducing his fee award from the $48,390.55 he requested pursuant to Family Code sections 6344 and 271, to $22,000.[2] We conclude that there is no abuse of discretion and affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Battaglia and Nilufer Koechlin were in a dating relationship and lived together. After the relationship ended in 2020, both Battaglia and Koechlin filed requests for domestic violence restraining orders.  The trial court granted both parties temporary restraining orders pending trial.

---

[1] Before Greenwood, P. J., Grover, J., and Bromberg, J.

[2] Undesignated statutory references are to the Family Code unless otherwise indicated.

At the conclusion of trial in June 2021, the court denied Koechlin's request for a DVRO. The court agreed that Koechlin had made a prima facie showing of abuse under the Domestic Violence Prevention Act (DVPA) and found that Battaglia had pushed Koechlin on one occasion. Nevertheless, the court found that one of the incidents Koechlin had cited in support of her request for a DVRO was a situation created by Koechlin herself, not Battaglia. The court ultimately concluded that Koechlin did not meet her burden of proving abuse by a preponderance of the evidence. The court stated in connection with Koechlin's DVRO request: "Disputes over money, visitation, or property rights are disputes commonly before separating parties. The court does not make light of these disputes. They are contentious. They are emotional. But they are not grounds for granting a domestic violence restraining order pursuant to the DVPA and interpreting case law."

The trial court granted Battaglia's request for a DVRO. In so doing, the court stated it was persuaded by evidence presented at trial relating to three instances of physical abuse. The trial court found that on balance, Battaglia had met his burden of proof by a preponderance of the evidence. The court issued a DVRO in Battaglia's favor for a period of three years.

Shortly after the trial ended, Battaglia asked to be heard on the issue of attorney fees. The trial court responded, "The court's inclination is to have each party pay their respective attorney's fees." Battaglia filed a motion for fees pursuant to sections 6344 and 271, requesting $48,390.55. In Battaglia's counsel's supporting declaration, she stated that while her hourly rate was $500 per hour, she had calculated her fees in this case at $400 per hour to make her services more affordable to Battaglia. Counsel characterized "the bulk of [her] work as defensive, meaning [she] was responding to litigation tactics" in connection with defending against Koechlin's DVRO request.

Battaglia filed an income and expense declaration in connection with the fees request. In the declaration, Battaglia stated that he was not working and not receiving

2

compensation due to the Covid pandemic. Battaglia listed approximately $90,000 in assets and an average monthly investment income of $4,500. Battaglia stated that he was paying counsel at a rate of $350 per hour, not $400, and that as of July 21, 2021, he had paid counsel $17,500 in attorney fees.

The fees motion proceeded to a hearing on January 19, 2022, before a different judge than the one who had presided over the DVRO trial. At the hearing, the new judge articulated the issue before him as follows: "[T]he issue before me today is kind of twofold. There's the issue of whether or not I grant reasonable attorneys' fees to the Petitioner [Battaglia] based on Judge Irvani-Sani's finding that [Koechlin] committed domestic violence beyond a preponderance of the evidence and granted a three-year restraining order. Also, whether or not I should grant the attorneys' fees in [Koechlin's] case, that was ultimately denied. . . . I am interested in the financial situation of [Koechlin] because I think it is relevant in my overall determination and the totality of the circumstances of whether I'm going to make an order or not." The judge stated he had reviewed all the documents, declarations, and exhibits filed in the case and was aware of the prior judge's inclination to not award attorney fees. The judge stated he was prepared to rule on the fees motion and did not feel bound by the prior judge's position.

Battaglia and Koechlin testified at the fees hearing. Battaglia testified that he was not presently working and not receiving any investment income. He testified that he used to receive monthly dividends from a stock account but had since "wiped out" the account to pay his attorney. Battaglia testified that his savings account was down to $8,500 and that his crypto investment had diminished by 30 percent. Koechlin also testified regarding her assets but stated that she was not contesting her ability to pay.

At the conclusion of the hearing, the trial court accepted Battaglia's word that his financial accounts had been diminished and that "he doesn't have a whole lot of money." The court stated it was not impressed that Battaglia was not gainfully employed and not self-supporting. Nevertheless, the court recognized that Battaglia was not in the same

3

financial situation as Koechlin and that he was the prevailing party in the DVRO trial. The court awarded Battaglia "prevailing party fees" in the amount of $22,000 without articulating a basis for reducing the fees or specifying how it arrived at this sum. The court subsequently issued a minute order to the same effect, stating, "The respondent's request for attorney fees is granted in the amount of $22,000; fees are to be paid within seven days to Atty. Sabharwal."

Battaglia filed a timely notice of appeal from the trial court's order.

## II. DISCUSSION

### A. Standard of Review

We review challenges to an attorney fees award for abuse of discretion. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1509.) " '[A]n experienced trial judge is in a much better position than an appellate court to assess the value of the legal services rendered in his or her court, and the amount of a fee awarded by such a judge will therefore not be set aside on appeal absent a showing that it is manifestly excessive in the circumstances.' [Citation.]" (*Ibid.*) " 'The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination.' " (*Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1173.)

4

**B. *The Trial Court Did Not Abuse its Discretion in Reducing Battaglia's Fee Award Under Section 6344*[3]**

On appeal, Battaglia argues that the trial court abused its discretion because it reduced the amount of attorney fees it awarded. Battaglia first argues that the trial court failed to apply section 6344 altogether because the court believed the statute to be a "bad statute" and "bad policy." Battaglia next argues that the trial court failed to consider the respective abilities of the parties to pay, as is required by section 6344, subdivision (b), and that the court was biased against Battaglia for being unemployed. Finally, Battaglia argues that the $22,000 fee award was so small that it "shocks the conscience."

1. *The Trial Court Applied Section 6344*

Battaglia's argument that the trial court failed to apply section 6344 is without merit. Section 6344, subdivision (a), permits the trial court to award attorney fees to the prevailing party in a DVRO proceeding. (§ 6344, subd. (a).)[4] Section 6344, subdivision (b) requires the trial court to award attorney fees to a "prevailing petitioner" if that petitioner "cannot afford to pay for the attorney's fees and costs." (§ 6344, subd. (b).)[5]

---

[3] Battaglia previously moved to augment the record with the full reporter's transcript of proceedings from June 23, 2021. We denied the motion "without prejudice to a further showing that the reporter's transcript from the June 23, 2021 hearing was before the court when it issued the order that is the subject of this appeal." Battaglia has renewed his request to augment the record. Because Battaglia has not shown that the records were before the trial court deciding whether to award attorney fees, we deny his renewed request. (See *Vons Companies, Inc. v. Seabest Foods, Inc* (1996) 14 Cal.4th 434, 444, fn. 3.)

[4] Family Code section 6344 was amended January 1, 2023. As the trial court's attorney fees order was issued prior to the effective date of the amendment, we reference the prior version of section 6344 in effect at the time of the order. At that time, section 6344, subdivision (a) provided: "After notice and a hearing, the court may issue an order for the payment of attorney's fees and costs of the prevailing party." (Stats. 2004 ch. 472, § 6.)

[5] At the time of the trial court's order, section 6344, subdivision (b) provided: "In any action in which the petitioner is the prevailing party and cannot afford to pay for the attorney's fees and costs, the court shall, if appropriate based on the parties' respective abilities to pay, order that the respondent pay petitioner's attorney's fees and costs for commencing and maintaining the proceeding. Whether the respondent shall be ordered

Contrary to Battaglia's contention, the record is clear that the trial court understood its obligations under both subdivisions of the statute and properly applied their terms. At the fees hearing, the trial court correctly explained that the issue before the court was twofold: (1) whether to grant reasonable attorney fees to Battaglia based on the prior court's finding that Koechlin had committed domestic violence against Battaglia and granted him a DVRO; and (2) whether to grant attorney fees to Battaglia in the case pertaining to Koechlin's DVRO request, which was denied. The trial court further explained, "I am interested in the financial situation of [Koechlin] because I think it is relevant in my overall determination and the totality of the circumstances of whether I'm going to make an order or not." The trial court subsequently took testimony from both parties regarding their financial status and ultimately awarded Battaglia $22,000 in "prevailing party fees." On this record, we cannot say that the trial court failed to apply section 6344.

2. *The Trial Court Properly Considered the Parties' Respective Abilities to Pay*

Battaglia next argues that by making a partial award, the trial court failed to consider the parties' respective abilities to pay, as is required by section 6344, subdivision (b). Subdivision (b) does not require the court to award full attorney fees to the prevailing petitioner in every case, but states that in determining "what amount shall be paid," the court must consider both the "respective income and needs of the parties" and "any factors affecting the parties' respective abilities to pay." (§ 6344, subd. (b).) We conclude that the trial court did that here. The court held a hearing to determine the respective parties' income and financial need. It reviewed Battaglia's income and expense declarations and asked Battaglia relevant and detailed questions in connection

to pay attorney's fees and costs for the prevailing petitioner, and what amount shall be paid, shall be determined based upon (1) the respective incomes and needs of the parties, and (2) any factors affecting the parties' respective abilities to pay." (Stats. 2004, ch. 472, § 6.)

with same.  The court also heard testimony from both Battaglia and Koechlin regarding income, assets, savings, investments, and past and present employment status.  At the conclusion of the hearing, the court found that Battaglia "was not in the same financial situation as [Koechlin]," and that his "accounts have been diminished and he doesn't have a whole lot of money."  Based on these findings, the court awarded Battaglia partial attorney fees.  Given the court's inquiries, as well as the specific findings it made regarding Battaglia's financial status and need, we conclude that the court adequately assessed the parties' respective abilities to pay as required under section 6344, subdivision (b).

      3. *The Court Was Not Biased Against Battaglia*

      Battaglia next argues that the trial court was biased against him because he was unemployed, and that this bias "appeared to weigh into [the court's] decision."  " 'Mere expressions of opinion by a trial judge based on actual observation of the witnesses and evidence in the courtroom do not demonstrate a bias.  . . .  Moreover, a trial court's numerous rulings against a party–even when erroneous–do not establish a charge of judicial bias, especially when they are subject to review.  [Citations.]' "  (*Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 786.)  While the trial court did inquire into Battaglia's employment status, and indicated in passing that it was "not impressed" by Battaglia's lack of employment, we cannot say that this brief statement of opinion rose to the level of judicial bias.  (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 589 ["The appellate court's role is . . . to determine whether the [trial] judge's behavior was so prejudicial it denied the party a fair, as opposed to a perfect, trial"].)  Indeed, we note that section 6344, subdivision (b) *requires* the trial court, when hearing an attorney fees motion, to consider "any factors affecting the parties' respective abilities to pay." (§ 6344, subd. (b).)  Battaglia's employment status and future employability are relevant factors under that provision and the court was within its right to inquire into them.  Finally, far from ruling against Battaglia, the trial court ultimately found in Battaglia's

favor, reversed a prior court's indicated ruling to not award fees, and awarded Battaglia almost 50 percent of his requested attorney fees.

### 4. *The Reduced Award Does Not Shock the Conscience*

Finally, we reject Battaglia's argument that the trial court's fees award was so small it "shocks the conscience." Battaglia requested a total of $48,390.55 in fees. The trial court awarded him just under 50 percent of that amount. While the trial court did not specify a basis for this reduction, it was not required to do so in the context of an attorney fees award. (See *In re Marriage of Fong* (2011) 193 Cal.App.4th 278, 293-297 [parties not entitled to statement of decision in attorney fees dispute].) In reducing the fees, the court could have considered multiple factors, including: (1) the fact that Battaglia's attorney requested fees calculated at a rate of $400 per hour, when she in fact billed Battaglia at a rate of $350 per hour; (2) Battaglia stated in his income and expense declaration that he had already paid $17,500 of the attorney fees; and (3) Battaglia's attorney characterized "the bulk of [her] work as defensive," which would trigger only the permissive fees provision of section 6344, subdivision (a). The court was authorized under the permissive language of section 6344, subdivision (a), ["[T]he court *may* issue an order for the payment of attorney's fees and costs of the prevailing party."], to reduce or deny the requested attorney fees incurred for Battaglia's defense against Koechlin's DVRO request. (Stats. 2004, ch. 472, § 6.) The judge ruling on the fees request was aware that his colleague had found Koechlin did not meet her burden to establish abuse by a preponderance of the evidence, but also had found credible Koechlin's assertion that Battaglia had pushed her, such that Koechlin's petition was not frivolous. Under the totality of the circumstances, we cannot say that the trial court's fees award of roughly 50 percent of the request was so small that it shocks the conscience.

We perceive no abuse of discretion in the trial court's award of attorney fees under section 6344.

### C. *The Trial Court Did Not Abuse its Discretion in Declining to Impose Sanctions Under Section 271*

Battaglia next argues that the trial court abused its discretion by failing to consider attorney fees as a form of sanctions under section 271.[6]  Battaglia argues that sanctions were warranted because Koechlin made unsupported claims in her DVRO request, and because her motive for requesting the DVRO was "retaliatory and malicious."

 "[F]amily law courts are authorized to impose attorney fee awards as sanctions against persons who frivolously or maliciously and without probable cause request DVPA restraining orders."  (*S.A. v. Maiden* (2014) 229 Cal.App.4th 27, 38.)  In determining whether to impose sanctions under section 271, the trial court "must examine the entire record."  (*Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1316 ["to exercise the power of judicial discretion, all the material facts must be known and considered together also with the legal principles essential to an informed, intelligent and just decision"].)  Here, Battaglia is correct that during the trial, the court found one incident that Koechlin cited in support of her DVRO request to have been created by Koechlin herself.  However, the court also found that Koechlin had made a prima facie showing of abuse under the DVPA, and that Battaglia had pushed Koechlin on one occasion.  Ultimately, while denying Koechlin's DVRO request, the court recognized the issues Koechlin raised to be contentious and emotional, though not rising to the level of granting a DVRO.  Nowhere in the trial court's ruling did the court suggest that Koechlin's claims were frivolous, malicious, retaliatory, or without probable cause.  Nor did the court ever find that Koechlin had lied or otherwise engaged in bad faith conduct.

---

[6] Section 271 provides, in relevant part, "the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys.  An award of attorney's fees and costs pursuant to this section is in the nature of a sanction."

On the entire record, we perceive no basis for concluding that the trial court abused its discretion in declining to impose section 271 sanctions.

## III.    DISPOSITION

The attorney fees order is affirmed.